KANNER, Chief Judge.
This appeal is grounded upon dismissal by the chancellor of appellant’s cause seeking declaratory decree for determination of its rights under a peremptory writ of mandamus and under certain municipal ordinances regulating, governing, and licensing the business of operating taxicabs for hire within the corporate limits of the municipality of Hallandale. Permanent injunction was also sought to restrain the municipality from interfering with appellant’s operating certain taxicabs.
There are four ordinances of the City of Hallandale that appear in this action, ordinances 185, 222, 224 and 246. Ordinance 185 is amended by ordinances 224 and 246, and these ordinances concern license fees to be paid by those engaging in various professions, businesses and occupations in Hallandale. The fourth ordinance, 222, concerns the regulation of the operation of taxicabs for hire within the city.
Ordinance 222 requires that prior to beginning business, the operator must first acquire a certificate of public convenience and necessity. The procedure for obtaining this certificate is prescribed. An application must be made, and after investigation by the city council, a notice and a public hearing, the council either shall authorize the issuance of the certificate or shall refuse the application.
For a certificate of public convenience and necessity to be transferred, the trans *846 feree must make application to the city council just as though’ he were applying for an original certificate. After investigation and a hearing, the application for transfer is either approved or denied; and if approved, a new certificate, marked “transfer,” is issued upon surrender of the old one duly assigned by the original certificate holder.
So it appears that to engage in the taxi-cáb business in Hallandale, one must do two things, obtain a certificate of public convenience and necessity under ordinance 222 and purchase an occupational license under ordinance 185 as amended.
The City of Hallandale has two types of taxicab licenses. Ordinance number 185, as amended by ordinance 224, imposes the license fee of one hundred dollars for the first cab and fifteen dollars for each additional cab. The license thus obtained is designated as an unrestricted license. Ordinance number 246 imposes a license fee for taxicabs owned or operated by colored persons whose cabs are used exclusively for the purpose of transporting colored persons, of $50 for the first cab and $15 for each additional cab. The' resulting license is known as a restricted license.
Appellant purchased two restricted licenses from one Samuel Neely, doing business as Sunrise Cab Company. Through mandamus action, the City of Hallandale, under peremptory writ of court, was required to transfer Samuel Neely’s licenses to appellant. When the city offered to comply, appellant tendered $115 and requested two unrestricted licenses, claiming that this would constitute a full compliance with the peremptory writ. The city refused to issue them. Thereupon the present suit was precipitated.
The chancellor determined that ordinance number 246 is based on an unreasonable and discriminatory classification in that the municipality, could not legally charge a lower license tax to some taxicabs based on racial restriction as to operators or patrons, and therefore is void.
In his opinion, the trial judge indicated that if appellant possesses a valid certificate of public convenience and necessity for the operation of two taxicabs in the City of Hallandale, it is entitled to unrestricted licenses for such operation upon payment of the proper fees. The chancellor, who was also the judge in the mandamus action, then declared that the decision in the mandamus action was in no way determinative of the question of whether appellant had acquired or was entitled to a certificate of public convenience and necessity, but that such decision only commanded the transfer of the two occupational licenses.
The court then found that Neely never acquired a certificate of public convenience and necessity; that no application for transfer of any such certificate to appellant, as required by the ordinance, was shown; .and appellant had failed to establish that it had, or was entitled as of right to receive a certificate of public convenience and necessity. Because of these findings, the chancellor dismissed the cause.
On this appeal, no question is raised as to the trial court’s ruling declaring ordinance number 246 invalid. Ordinance number 222 is different in character f:*om the other ordinances which are simply occupational license ordinances. Ordinance ■number 222, as indicated, concerns the regulating and governing of the business of operating taxicabs for hire, including the ■requirements for acquiring a certificate of public convenience and necessity. No attack is made upon ordinance number 222 as to its constitutionality nor is there any basis laid therefor; rather, appellant asserts error on the part of the chancellor in his holding that it had not been established that either the appellant or its assignor had possessed a valid certificate of public convenience and necessity or that either of them is entitled to such a certificate.
All" one can gléan from the record is a factual situation concerning whether a certificate of public convenience and ne *847 cessity had been issued or, if not, whether the acquiring of the two occupational licenses by Neely and their transfer to appellant entitled appellant to engage in the business of operating the two taxicabs represented by the two licenses. The record abundantly sustains the finding of the chancellor that no certificate had been issued and that appellant has not established its right to a certificate.
A license, permit, or certificate of public convenience and necessity to operate motor vehicles on the public streets of a municipality for the conduct of a strictly private business is not an inherent right but is a mere privilege. A municipality may require that permission or license be obtained for the transportation of passengers for hire upon its streets. In the exercise of this power, a municipality may refuse or grant such permission or license. The regulations governing the issuance of the permission or license must be reasonable and not arbitrary or discriminatory. If there has been a substantial compliance with the conditions and prerequisites entitling one to the issuance of the license or permit, and there is a refusal, the issuance may be compelled by an appropriate proceeding. Jarrell v. Orlando Transit Co., 1936, 123 Fla. 776, 167 So. 665; 9 McQuillin, Municipal Corporations, § 26.173 (3d Ed. 1950).
There is no valid reason revealed in this record by appellant why it did not pursue the procedure for obtaining a certificate of public convenience and necessity. It has acquired the licenses, and upon obtaining the certificate, it can then engage in the business of operating the two taxicabs. It is not called upon to do any more than any other person who is engaged in that business in that city. Appellant cannot anticipate that it will not be granted a certificate if it complies with the requirements prescribed by the ordinance. Certainly, if the appellant feels, after attempting to comply with the requirements of ordinance 222, that it has been discriminated against or that such ordinance is unreasonable and arbitrary, it has remedy in a judicial forum.
No error is made to appear. The decree is hereby affirmed.
ALLEN and SHANNON, JJ., concur.