PER CURIAM.
Plaintiff, appellant herein, applied to defendants, members of the Florida Public Sanitary Commission, appellees herein, for license and approval to operate a barber school proposed for Pinellas County. The application was denied because it did not contain evidence that certain bonds, described as financial responsibility and performance bonds, had been secured as required by Florida Statutes, § 476.071(1) (g) and (h), F.S.A. Plaintiff thereupon sought declaratory judgment that the foregoing and other statutory provisions are unconstitutional and violative of rights conferred by §§ 1 and 12 of the Declaration of Rights, Florida Constitution, F.S.A. and the Fourteenth Amendment of the United States Constitution. The Chancellor found there were no issues of fact and entered its final decree on the pleadings, holding:
1. Chapter 65-298, Acts of 1965, which requires that “no school or college of barbering shall be approved or licensed to operate in any county having a popula *612 tion of less than seven hundred fifty thousand (750,000) * * * ” is arbitrary and constitutes a denial of equal protection. The Court found this provision applicable to new applications for licenses and its effect was to free existing schools in the counties specified of competition.
2. Chapter 65-318, Laws of Florida, amending Florida Statutes § 476.07, F.S.A., by changing admission prerequisites, does not deprive the plaintiff of any of its constitutional rights.
3. Florida Statutes § 476.071(1) (g), F.S.A., which requires that there be submitted with the application for a barber school license “evidence that a financial responsibility bond for faithful performance of duty has been secured,” is void for uncertainty and vagueness.
4. Florida Statutes § 476.071(1) (h), F.S.A., which requires that there be submitted with the application for a barber school license "evidence that a performance bond of ten thousand dollars guaranteeing the operation of such college or school for one year has been secured” is valid and does not deprive the plaintiff of any constitutional rights.
5. Subsections (d), (e) and (f) of § 476.071(2), construed with subsection (h) of said section, each denies to the plaintiff equal protection of the law and therefore may not be invoked to preclude plaintiff from being registered as a barber school under F.S. Chapter 476, F.S.A. Subsections (d), (e) and (f) prescribe the years of experience required of a manager, person or teacher in charge of the school and the scholastic requirements of a teacher. Subsection (h) provides that the foregoing shall not apply to any barber school in operation on or before June 15, 1959, and accords the established school the right to operate indefinitely with substandard personnel and to replace such substandard personnel with other substandard personnel.
Plaintiff-appellant’s only contention here is the Chancellor erred in upholding the validity of subsection (h) of § 476.071(1), (see paragraph numbered 4 above). Defendant-appellees have cross assigned as error the trial court’s decree invalidating Chapter 65-298 and § 476.071(1) (g) and (2) (d), (e), (f) and (h) of the Florida Statutes.
Florida Statutes § 476.071(1) (h), F.S.A., requiring that “[e]vidence that a performance bond of ten thousand dollars guaranteeing the operation of such school or college for one year has been secured” is indefinite and vague. The conditions of the bond are not clear, the ob-ligee and the number and type of sureties are not specified. A court cannot speculate as to what was intended by the Legislature.[1] We must hold this section void for vagueness. In all other respects the order of the Chancellor stands affirmed.
It is so ordered.
THOMAS, ROBERTS, DREW, O’CONNELL and CALDWELL, JJ., concur.
ERVIN, J., dissents in part and concurs in part with opinion.
THORNAL, C. J., dissents in part and concurs in part and agrees with ERVIN, J.

. Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla.1960); Armstrong v. City of Edgewater, 157 So.2d 422, 425 (Fla.1963).