227 So.2d 36 (1969)
Fred O. DICKINSON, Jr., As Comptroller of the State of Florida, Appellant,
v.
The STATE of Florida ex rel. Claude B. Bryant, Donald G. Parmer, John T. Adkinson, James H. Adkinson, W.H. Abbott, and E.W. Petterson, Appellees.
No. 37751.
Supreme Court of Florida.
July 30, 1969.
Rehearing Denied October 27, 1969.
Earl Faircloth, Atty. Gen., T.T. Turnbull and Halley B. Lewis, Asst. Attys. Gen., V. Carrol Webb, Gen. Counsel, and Larry Levy, Asst. Counsel, Comptroller's Office, for appellant.
Thurston A. Shell, of Shell, Fleming, Davis & Menge, Pensacola, for appellees.
ADKINS, Justice.
This is an appeal from a final judgment of the Circuit Court in mandamus proceedings declaring Fla. Stat., § 559.39(2), F.S.A. (Fla. Cemetery Act) to be unconstitutional. Fla. Const., Art. V, § 4(2), F.S.A.
The appellant was the defendant in the lower court and the appellees were the plaintiffs.
*37 As required by Fla. Stat., Ch. 559, F.S.A., plaintiffs filed with the defendant their application for the operation of a cemetery. They complied with all of the requirements of the statute and rules of the defendant to entitle them to a cemetery license or certificate of authority with the exception that they did not establish to the satisfaction of the defendant that there existed a need for cemetery service in the area.
Fla. Stat., § 559.39(2) F.S.A., provides as follows:
"Upon receipt of application for authority under §§ 559.33 and 559.34, the director shall investigate the following:
* * * * * *
"(2) The need for a cemetery in the community to be located, giving consideration to the adequacy of existing facilities and the need for further facilities in the area to be served."
Upon the refusal of the defendant to issue the cemetery license or certificate of authority, the plaintiffs instituted mandamus proceedings. The lower court held that Fla. Stat., § 559.39(2) F.S.A., was unconstitutional in that it constituted an invalid delegation of legislative authority to an administrative agency without providing sufficient guidelines for the exercise of administrative discretion. A peremptory writ of mandamus was issued and defendant appealed to this Court.
The State in the exercise of its police power has the right to provide for the establishment and discontinuance of cemeteries and to regulate their use. See 14 C.J.S. Cemeteries, § 2; 14 Am.Jur.2d, Cemeteries, § 10; Annotation, 50 A.L.R.2d 905. This power of the Legislature may be delegated to an administrative agency provided that in doing so it announces adequate standards to guide the agency in the execution of the powers delegated. Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla. 1962). See Hutchins v. Mayo, 143 Fla. 707, 197 So. 495, 133 A.L.R. 394 (1940): 1 F.L.P., Administrative Law, § 7; 1 Fla.Jur., Administrative Law, § 35.
The exact meaning of the requirement of a standard has never been fixed. The exigencies of modern government have increasingly dictated the use of general rather than minutely detailed standards in regulating enactments under the police power. However, when statutes delegate power with inadequate protection against unfairness or favoritism, and when such protection could easily have been provided, the reviewing court should invalidate the legislation. In other words, the legislative exercise of the police power should be so clearly defined, so limited in scope, that nothing is left to the unbridled discretion or whim of the administrative agency charged with the responsibility of enforcing the act. Mahon v. County of Sarasota, 177 So.2d 665 (Fla. 1965).
In discussing a statute authorizing the transfer of an automobile transportation brokerage license this Court in Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla. 1962) said:
"[I]t is obvious that the legislative delegation of power to the respondent Commission is totally devoid of any standards whatsoever. It leaves to the Commission the authority to exercise an unlimited discretion in forming its opinion as to when and how `the public interest may be best served.' The Legislature has not in any degree laid down a rule which defines, even generally, what constitutes `the public interest.' An applicant for a transfer has no legislative guide as to the showing which he is required to make to meet this requirement. The respondent Commission, on the other hand, is granted the power to decide, in its own discretion, just what constitutes `the public interest.' Such a delegation of power is violative of the organic law and must fall."
See also, Robbins v. Webb's Cut Rate Drug Co., 153 Fla. 822, 16 So.2d 121 (1943).
*38 An ordinance requiring a nursery to obtain a certificate showing that it "[had] been approved by the Florida State Welfare Board" was held invalid in State ex rel. Ware v. City of Miami, 107 So.2d 387 (Fla. App. 3d Dist. 1958), the Court saying:
"As drawn, the effect of the ordinance is to confer upon the State Welfare Board the authority to grant approval to one yet withhold it from another, at whim, and without guides or accountability."
See also, Yellow Cab Company v. Ingalls, 104 So.2d 844 (Fla.App. 2d Dist. 1958); Barrow v. Holland, 125 So.2d 749 (Fla. 1960); Lewis v. Florida State Board of Health, 143 So.2d 867 (Fla.App. 1st Dist. 1962); Amara v. Town of Daytona Beach Shores, 181 So.2d 722 (Fla.App. 1st Dist. 1966).
Fla. Stat., § 559.39, F.S.A., does not include any rule which defines even generally the terms "need for a cemetery" and "need for further facilities." The effect of the statute is to confer upon the defendant the authority to grant approval to one yet withhold it from another, at whim, and without guides of accountability.
The operation of a cemetery is an inalienable property right so long as it can be carried on without damage to public health, welfare, or morals. This right to engage in a lawful business is an integral part of our free enterprise system which should not be shackled or deterred unless by due process of law. Fla. Stat., § 559.39 (2), F.S.A., gives the defendant the authority to preclude the operation of a cemetery on the sole ground that there is another nearby, thereby freeing existing cemeteries of competition at the whim of the defendant. This makes the law invalid. See Bayou Barber College, Inc. v. Mincey, 193 So.2d 610 (Fla. 1967).
It necessarily follows that Fla. Stat., § 559.39(2), F.S.A., is unconstitutional and the judgment of the lower court is hereby
Affirmed.
ERVIN, C.J., DREW and CARLTON, JJ., and RAWLS, District Judge, concur.
ROBERTS, J., dissents.