346 So.2d 53 (1976)
Gerald A. LEWIS, As Comptroller and As Head of the Department of Banking and Finance, State of Florida, Appellant,
v.
BANK OF PASCO COUNTY, et al., Appellees.
No. 48411.
Supreme Court of Florida.
November 12, 1976.
On Motions For Clarification and To Appear As Amicus Curiae and For Rehearing March 17, 1977.
Ed Kuhnel, Gen. Counsel, William B. Corbett, Jr., Asst. Gen. Counsel and Fred O. Drake, III, Asst. Gen. Counsel, Tallahassee, for appellant.
Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellees.
PER CURIAM.
Affirmed.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.

ON MOTIONS FOR CLARIFICATION AND TO APPEAR AS AMICUS CURIAE AND FOR REHEARING
PER CURIAM.
This matter is before the Court on a Motion for Clarification and To Appear As Amicus Curiae filed by The First Bank of Port Richey (proposed), The Public Bank of St. Cloud (proposed), and The Gibsonton State Bank (proposed) and the Petition for Rehearing filed by Gerald A. Lewis, as Comptroller and as Head of the Department *54 of Banking and Finance, State of Florida. Both motions are directed to this Court's opinion dated November 12, 1976, which affirmed the ruling of the Circuit Court of the Second Judicial Circuit for Leon County, dated November 17, 1975. The Motion for Clarification and To Appear As Amicus Curiae is granted; the Petition for Rehearing is denied.
To clarify our opinion of November 12, 1976, we are setting forth the scholarly and well-reasoned opinion of the Circuit Judge of the Second Judicial Circuit. That opinion reads as follows:
Plaintiffs and the defendant have moved for sumary judgment. They agree that a decision of this case turns upon questions of law.
Plaintiffs are banks authorized to do business under the laws of Florida and directors and stockholders of such banks. As such they are proper parties to seek a declaration of the law posed by this question:
May the Comptroller of the State of Florida demand, and secure, from banking corporations lists of all their stockholders and release such lists to the news media or otherwise open them for inspection by the public?
The plaintiffs do not question the authority of the Comptroller[1] to examine the stock books of banks, along with all other records reasonably material to the performance of his duties in supervising banks. Nor do they question their duty to prepare and furnish to the Comptroller accurate lists of all their stockholders and the number of shares owned by each.
The sole question at issue is the authority of the Comptroller under existing law to release the information contained in such lists to the public and the news media.
Before examining the applicable law it may be well to observe that, insofar as the statutes are applicable, the information contained in the stock book of a bank is in exactly the same status as the information contained in its records of deposits, of outstanding loans, and the financial statements of all borrowers or applicants for loans from the bank. It is, of course, necessary for the Comptroller to have access to these records in order to intelligently determine the solvency of the bank.
While the Comptroller must, in the overriding public interest, have access to all of a bank's records which may be in any substantial degree, material to its solvency, this does not mean that the public or the news media should be permitted to examine the records.
The statute which makes public records open to the public, Chapter 119, Florida Statutes, expressly provides in Subsection 119.07(2):
"All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature or which may hereafter be so provided, shall be exempt from the provisions of this section."
It will be observed that records referred to in Section 658.10(1), Florida Statutes, are expressly exempted from the right of public scrutiny.
Section 658.10(1), Florida Statutes, says in part as follows:
"Division records. 
All bank or trust company applications, investigation reports, examination reports, and related information, including any duly authorized copies in possession of any banking organization, foreign banking corporation, or any other person or agency, shall be confidential communications, other than such documents as are required by law to be published, and shall not be made public, unless with the consent of the department, pursuant to a court order, or in in response to legislative subpoena as provided by law." (Underscoring supplied)
The defendant relies upon the underscored clause as giving him authority, having *55 demanded and received from banks information as to the names and stock holdings of all their stockholders, to deliver such lists to all news media and to the public generally.
It cannot be denied that, although inconsistent with other provisions of this statute, as well as Subsection 119.07(2), the literal meaning of the words used by the legislature gives the Comptroller this right. The Court does not have authority to change the statute.
But the Court does have the authority, and the duty, in appropriate cases, to declare legislative acts to be in conflict with the Constitution and, to the extent of such conflict, to be invalid.
Clearly the statute itself does not give the public or the news media the right to inspect, copy and publish the information received by the Comptroller in the course of performing his duties under the banking laws. Such information is under the statute confidential except when released "with the consent of the department." There are no restrictions, limitations, or guidelines provided in the statute to limit or regulate the action of the department in granting a [sic] withholding consent to the news media inspecting, copying and publishing any information in a bank's records.
As the statute is written, the Department may release the financial statements of some borrowers, the bank balances of others and the stock holdings of others entirely at the whim or caprice of the Comptroller. The fact that, as of the present time, the Comptroller has attempted to exercise such authority only as to stock holdings in banks is immaterial. The validity of the power sought to be vested in the Comptroller must be measured by the scope of the grant of power, not the extent to which it has been exercised.
As the statute is written, it makes a vast volume of private records, necessarily subject to governmental inspection confidential, but then gives the Comptroller unrestricted and unlimited power to exempt particular records and items of information from the operation of that provision of the statute making them confidential.
In other words, the Department is given power from day to day to say what is the law as to the confidential nature of any records of banks which the Department has the right to inspect or include in the reports of bank examinations.
The Constitution does not permit this delegation of legislative power.
The Court is not expressing any opinion as to the power of the legislature, by appropriate statute, to require that the ownership of all stock in a bank be a matter of public information. The Court is merely holding that the legislature has not done this and has not, with constitutional guidelines, delegated that power to the Department of Banking or the Comptroller.
It is, therefore, ADJUDGED:
1. So much of Section 658.10(1), Florida Statutes, as purports to authorize the publication of records which are otherwise confidential "with the consent of the department" of banking is invalid.
2. The Comptroller has no authority to release to the public or to permit inspection by the public or the news media of any records of the names and stock holdings of the stockholders of the plaintiff banks.
3. The Defendant, Gerald A. Lewis, as Comptroller of the State of Florida and ex-officio head of the Department of Banking, is permanently enjoined and restrained from releasing to the public or the news media the names and stock holdings of the stockholders of the Plaintiffs Bank of Pasco County, Bank of Ormond-by-the-Sea, Bank of Madison, Bank of Greenville, and Bank of Graceville.
The legal principal guiding the Circuit Judge in this case and which is dispositive of the issue under consideration is so well known as to be deemed "hornbook" law. This Court had held in a long and unvaried line of cases that statutes granting power to administrative agencies must clearly announce adequate standards to guide the agencies in the execution of the powers delegated. The statute must so *56 clearly define the power delegated that the administrative agency is precluded from acting through whim, showing favoritism, or exercising unbridled discretion. Dickinson v. State, 227 So.2d 36 (Fla. 1969); Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968).
Section 658.10(1), Florida Statutes (1975), "... is couched in vague and uncertain terms or is so broad in scope that . . it must be held unconstitutional as attempting to grant to the ... [Comptroller] the power to say what the law shall be. ..." Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974).
Accordingly, the order of the Circuit Court of the Second Judicial Circuit for Leon County, Florida, holding Section 658.10(1), Florida Statutes (1975), uncontitutional is affirmed.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
The majority opinion says the Legislature had no constitutional authority to authorize the Comptroller to open bank records to the public at his discretion. No prior decisions, statutes or constitutional provisions are cited as authority for this opinion.
Statutes come to this Court with presumptions of validity. It is presumed that sound discretion will be exercised by all public officials. In the absence of any showing that the statute is unconstitutional, and in the absence of proof that the Comptroller is attempting to abuse his discretion, this Court has no authority to make this order against him. The law is valid and there is no abuse of discretion. If the law is objectionable to bankers, they should seek legislative changes.
NOTES
[1] The Comptroller is sued in his capacity as head of the Department of Banking and will be regarded as identical with the "Department" for the purposes of this case.