**HASAM REALTY CORP. v. CITY OF HALLANDALE, et al.**
No. 77-188.
Circuit Court, Broward County.

March 28, 1977.

Hugh S. Glickstein, Hollywood, and Steven J. Wisotsky, Fort Lauderdale, for the plaintiff.

Jerome T. Frankenburger, Hallandale, and Myron H. Burnstein, Hollywood, for the City of Hallandale.

J. CAIL LEE, Circuit Judge.

This cause came on to be heard upon plaintiff's prayer for temporary injunction against the city of Hallandale, as contained in Count II of plaintiff's amended complaint. The court heard the argument of counsel for nearly three hours on February 21, 1977. Subsequent to the hearing, the court held this matter in abeyance in order to grant counsel for the city of Hallandale an additional period of seven days in which to submit its memorandum of law. The court has now considered the arguments of counsel, the memorandum of law of each party ,and the record in this cause, and makes the following determinations.

*Findings of fact*

There was and is no dispute between the parties as to the following matters —

1. The plaintiff is the Hasam Realty Corp., a Delaware corporation.

2. The defendant, pursuant to Count II of plaintiff's amended complaint, is the city of Hallandale.

3. The plaintiff is the owner of the real property known as the Diplomat Golf Course and described more particularly as —

> Block 9 and Block 11, Diplomat Golf Estates, according to the Plat thereof recorded in Plat Book 46, Page 24, of the Public Records of Broward County, Florida.

4. The portion of the Diplomat Golf Course situated within the city limits of Hallandale (hereinafter referred to as "the subject property") is unzoned.

5. Pursuant to §32-234 of the code of the city of Hallandale, R-1 uses are permitted on unzoned property.

6. Permitted R-1 uses include, *inter alia,* the construction of single family housing.

7. On January 25, 1977, the city manager of the city of Hallandale issued the following administrative order, quoted herein in full —

> I, Aaron Marsh, City Manager of Hallandale, Broward County, Florida, do hereby immediately declare a building moratorium affecting the area known as the Diplomat Golf Course and more particularly described as:
>
> Block 9 and Block 11, DIPLOMAT GOLF ESTATES, according to the Plat thereof recorded in Plat Book 46, Page 24, of the Public Records of Broward County, Florida.
>
> It is found to be in the public interest to make a comprehensive determination as to whether the existing zoning district, in the area known as Diplomat Golf Course, is appropriate, it presently appearing that the existing zoning character may be detrimental to the area should it continue to be applicable.
>
> It is ordered that this building permit moratorium shall be effective for a period of 90 days from January 25, 1977 at 2:30 P. M., unless otherwise reversed, modified or superseded by order of the City Commission.

This action has been taken pursuant to the authority vested in me by the Hallandale City Code, Article XXXVII, Sections 32-254, 32-255 and 32-256 and such other provisions of the City Code, Charter and other County, State and Federal laws as may be applicable.

DONE AND ORDERED at Hallandale, Florida, this 25th day of January, 1977.

8. The effect of the foregoing order was to prohibit further development of the subject property for a specified period of time.

9. The principal legal authority upon which the administrative order is predicated is §32-254 of the code of the city of Hallandale.

### Findings of law

In considering the constitutionality *vel non* of the challenged ordinance, the court is guided by leading decisions of the Supreme Court of Florida as to administrative discretion — i.e., without adequate standards, and unlawful delegation of legislative power. These cases make it clear that the challenged ordinance is constitutionally defective because the moratorium ordinances lack definite standards for their application and because of the discretion given the city manager, which violates due process of law.

Section 32-254(a) sets forth the "procedure" for the initiation of a building moratorium that was utilized in the case at bar. That section provides as follows —

Sec. 32.254. *Initiation of process —*

*Administration order of city manager.*

(a) Whenever it shall be made to appear to the city manager that it is in the public interest to make a comprehensive determination as to whether existing city zoning districts applying to a portion of the area of the city are appropriate and it is further made to appear to him that the existing zoning districts may be detrimental to the are should they continue to remain applicable and building permits be issued predicated thereon the city manager shall immediately issue his administrative order delineating the area in question and prohibiting the issuance of building permits therein.

The city manager is then required to notify the city clerk of his action; and the clerk in turn is required to place the matter before the city commission as soon as is reasonably practicable. Section 32-256(c). After being notified by the clerk, the city commission shall call a public hearing at the earliest practicable time after

reasonable notice by publication. Section 32-256(d). The city commission is authorized to "reverse, modify or supersede any moratorium order previously issued." Section 32-256(e). The only "criteria" set forth for issuance of a moratorium by the city manager under Section 32-256(a) also apply to action by the commission.

The constitutional issue raised by these moratorium "procedures" is one that has been much litigated in Florida. As a consequence, the law on this subject is clear: any land use regulation (or other similar administrative regulation) that confers discretion upon administrative officials without sufficient standards is a violation of due process of law and an unconstitutional delegation of legislative power. This is elementary, black-letter law. As the Florida Supreme Court said in *Dickinson v. State,* 227 So.2d 36, 37 (Fla. 1969) —

> The exact meaning of the requirement of a standard has never been fixed. The exigencies of modern government have increasingly dictated the use of general rather than minutely detailed standards in regulating enactments under the police power. However, when statutes delegate power with inadequate protection against unfairness or favoritism, and when such protection could easily have been provided, the reviewing court should invalidate the legislation. In other words the legislative exercise of the police power should be so clearly defined, so limited in scope, that nothing is left to the unbridled discretion or whim of the administrative agency charged with the responsibility of enforcing the act. *Mahon v. County of Sarasota,* 177 So.2d 665 (Fla. 1965).

See, also, *Lewis v. Florida State Board of Health,* 143 So.2d 867 (Fla. 1st DCA 1962).

Section 32-256(a) of the Hallandale City Code does not meet this standard. It is capable of being applied unfairly, either by favoritism to the property owner or by discrimination against him. The absence of precise guidelines in the challenged ordinance gives the city manager unlimited discretion to decide when and against whom to invoke a building moratorium.

The only "standards" for the issuance of a moratorium order are two —

(1) When it is in the public interest to make a comprehensive determination as to whether existing zoning districts are appropriate, and

(2) When existing zoning districts may be detrimental to the area if they remain unchanged.

The term "public interest" is not defined. The term "appropriate" is not defined. The term "detrimental" is not defined. In the absence of a definition of these three crucial words in the ordinance, no objective standards exist to restrain the actions of the city manager. There is nothing to guide even the good faith excercise of his judgment. He has practically unlimited authority to define the crucial terms "public interest," appropriate" and "detrimental."

The fact that the decision of the city manager to impose a moratorium is subject to reconsideration by the city commission does not cure the constitutional defect. In the first instance, there is necessarily some hiatus or interim period during which the property owner's constitutional rights have been violated, even if the commission dissolves the moratorium order. Its decision as to the correctness of the city manager's action, pursuant to Section 32-254(e), suffers from the same constitutional defects tainting the city manager's decision: the lack of objective standards in the ordinance. Section 32-254(e) establishes the standard for the commission's review; namely whether there is a "reasonable necessity for a detailed comprehensive analysis of the area in question and the probability of detriment to the character of the area by the continued application of the existing zoning districts."

### Order

In consideration of the foregoing factual and legal determinations by the court, it is ordered and adjudged as follows —

(1) Section 32-254 of the code of the city of Hallandale is unconstitutional as (a) an unlawful delegation of legislative power to administrative officials, and (b) a violation of due process of law in that it lacks objective standards and guidelines.

(2) Section 32-254 of the Hallandale City Code is not reasonably severable and is hereby declared unconstitutional in its entirety. Further, the plaintiff is without an adequate remedy at law; and the city of Hallandale is hereby enjoined from applying any part of Section 32-254 to the plaintiff.

(3) The "Administrative Order Building Moratorium" of January 25, 1977, issued under the authority of Hallandale City Code §32-254, is without any legal basis and is therefore null and void and of no force and effect.