McCORD, Judge.
This is a consolidated appeal from an order of the Florida Department of Law Enforcement (FDLE) involuntarily trans *1223 ferring appellant from Tallahassee to Tampa (Case. No. AB-189) and an order of the circuit court denying appellant’s request for a temporary injunction to prevent FDLE from effectuating the transfer (Case No. AB-174). We dismiss the appeal from the Department of Law Enforcement and affirm the order of the circuit court.
Appellant, a Crime Laboratory Supervisor I with FDLE in the Tallahassee Regional Crime Laboratory, pursuant to FDLE Departmental Directive 200.13, appealed his transfer to the Tampa Regional Crime Laboratory to the Commissioner of the Department. He was allowed to present in person his reasons why he should not be transferred but was advised that no evidence would be taken, no witnesses presented, and no court reporter would be allowed although his attorney could attend. Through his attorney, he contended that he was entitled to a hearing pursuant to the provisions of Chapter 120, Florida Statutes (1979), but was advised by the Department that he was not entitled to such a hearing; that his only rights were those set forth in Departmental Directive 200.13. He contended before the Commissioner that his transfer was for disciplinary reasons rather than because of a need for his services in Tampa. Following the conference, the Commissioner denied that the transfer was disciplinary and declined to rescind the transfer. Appellant then filed a suit for temporary and permanent injunction in the circuit court seeking to enjoin the transfer. He also appealed the FDLE’s order of transfer to this Court and moved to stay the transfer pending the appeal. The motion to stay was denied, and the circuit court denied the temporary injunction. The order denying temporary injunction was then appealed to this Court.
In the administrative appeal, appellant contends that he was wrongfully denied a hearing pursuant to the provisions of § 120.57(1), Florida Statutes. Under § 110.-205, all positions in state government are under Career Service unless specifically exempted. Pursuant to § 110.227, Florida Statutes, suspensions, dismissals, reductions in pay, demotions, lay-offs and transfers are appealable to the Career Service Commission but § 110.205(3) provides that, “Employees of the Department of Law Enforcement shall be subject to the provisions of § 110.227 except in matters relating to transfer.” (Emphasis supplied.)
Appellant contends that since employees of FDLE are denied the right to appeal orders of transfer to the Career Service Commission, they have the right to a hearing before the agency pursuant to § 120.57 (The Administrative Procedure Act) and to thereafter appeal an adverse order of the agency to this Court pursuant to § 120.68. We disagree. The obvious legislative intent in exempting FDLE employees from the provisions of § 110.227, in matters relating to transfer was to exempt transfers from review and leave FDLE free to transfer its personnel at will without the restraints of review. Had the legislature not intended this result, it would not have exempted only FDLE transfers from review by the Career Service Commission. It is illogical to conclude that the legislature, by declaring this exemption, intended to thereby bring transfers by this agency under Chapter 120 (The Administrative Procedure Act).
Appellant further contends that § 110.-205(3), Florida Statutes (1979), is unconstitutional because it violates his right to equal protection under the law. Ruling as we do that the FDLE order transferring appellant is not subject to review under Chapter 120, Florida Statutes, we do not reach this issue. The record before us from the circuit court does not contain a copy of appellant’s complaint, but appellant’s counsel advised the court at oral argument that to raise a constitutional issue in the circuit court action, appellant would need to amend his complaint.
The appeal in Case No. AB-189 from the FDLE is dismissed, it not being an appeal from a reviewable order, and the appeal of the circuit court’s order denying temporary injunction in Case No. AB-174 is affirmed.
ROBERT P. SMITH and ERVIN, JJ., concur.