PER CURIAM.
Burgess appeals a final administrative order of the Department of Commerce (DOC) *1259 which denied her petition for a formal administrative hearing filed with DOC. § 120.57(1), Fla.Stat. (1979). We hold that Burgess is entitled to a hearing and reverse.
In December, 1979, DOC sought approval from the Department of Administration (DOA) to exempt from the Career Service system Burgess’ position as Administrator of Tourism Development. Subsequently, DOA approved the position as exempt. DOC notified Burgess of the exemption, giving her the choice of continuing in the position without the protection of Career Service or continuing in the Career Service in another position. Burgess responded by filing a petition for formal administrative hearing before DOC, naming DOC and DOA as respondents. We consider the pertinent allegations to be that the exemption procedure violated § 110.205(2)(h), Fla.Stat. (1979), because Burgess’ position was allegedly not “a policy-making position” which is permitted to be designated exempt under the statute.[1] DOC, in denying the petition, stated that there was no issue of disputed material fact and that any relief was available only on appeal to the Career Service Commission (CSC), § 110.305, Fla. Stat. (1979). Burgess appealed to the CSC and, meanwhile, she was treated as having opted for a Career Service position. Because there were no positions available, she was laid off. This layoff was the subject of a second appeal to the CSC. Subsequently, the CSC declined to hear her first appeal, although her layoff appeal was accepted.
DOC urges that Burgess is not entitled to a § 120.57 hearing because its authority to designate up to ten policy-making positions as exempt from the Career Service is totally discretionary. We disagree. The statute sets forth a standard that only positions which are policy-making may be exempted. Nonpolicy-making positions may not be designated exempt.
DOC also urges that no substantial interest of Burgess is affected by the acts of DOC because the exemption is not effective until approved by DOA. DOA asserts it is DOC which acts to exempt the position in question, urging DOA’s approval signifies just a step before the exemption becomes effective. DOA admitted at oral argument that its approval of exempt positions was routine when it concerned higher level positions. The record shows that the designation request contained no information showing that the position was a policy-making one. Under the facts presented in this case, we conclude that it was DOC which essentially took final agency action in this matter.
DOC next contends Burgess has a vested right only to a class of positions and not to her particular position as Administrator of Tourism Development. DOA agrees, adding that there is no constitutional right to employment and that no interest exists unless Florida law gives rise to such a substantive interest. The respondents miss the point: Burgess may be only lawfully deprived of any particular position. Here, she alleges, successfully enough to require a hearing, that DOC and DOA acted in violation of the statutory requirements for designating her position exempt. Article III, Section 14, of the Florida Constitution provides that the legislature shall except from the civil service only those expressly exempted by law. Section 110.205(2)(h), Florida Statutes (1979), implementing this directive, lawfully exempts a maximum of ten policy-making positions. Because there has been no hearing, formal or informal, the policy-making quality of the position *1260 has not been established, although Burgess has brought this issue before the DOC and DOA in her timely request for § 120.57 proceedings. Contrast Mitchell v. School Board of Leon County, 347 So.2d 805 (Fla. 1st DCA 1977). As stated in Headley v. Baron, 228 So.2d 281 (Fla.1969):
[A]n individual has no constitutional right to be hired by the government. However, once employed and having earned benefits such as job security and seniority, a government employee does achieve an employment status which he is entitled to protect against unjust or unlawful deprivation.
Further, Burgess’ substantial interests were affected in that the redesignation required her to choose between a job in the CSC which necessarily resulted in a layoff, or she could remain in her position without Career Service protection. Either way, she had a substantial interest in actually retaining a Career Service position. Therefore, we think Florida Administrative Code Rule 22A — 7.12 applies here:[2]
It is the responsibility of the employing agency [here, DOC] to comply with the requirements of Chapter 120, Florida Statutes, in all personnel actions in which the substantial interests of an employee are adversely affected and no right of appeal to the Career Service Commission is provided by these rules.
Accordingly, we reverse and remand for further proceedings addressing the sole issue of whether Burgess’ position is lawfully exempted as a policy-making position.[3]
McCORD, SHIVERS and JOANOS, JJ., concur.

. Sec. 110.205, Fla.Stat. (1979), provides in part:
(1) The career service to which this part applies shall include all positions not specifically exempted by this part, any other provisions of the Florida Statutes to the contrary notwithstanding.
(2) Exempt positions. — The exempt positions which are not covered by this part include the following:

(h) A maximum of 10 policy-making positions ... and 10 such policy-making positions, ... in each of the other departments, as designated by the head of each such department ... However, the employing agency shall advise the department in writing of each position to be exempted, and each such exemption shall be subject to the approval of the department as being policy-making ....

. Notably, the CSC does not have jurisdiction to hear this challenge in conjunction with the layoff issue. An appeal from a layoff is based on whether the layoff was accomplished in accordance with Rule 22A-7.il. Rule 22M-2.-03; Rule 22A-7.11(9), Fla.Admin.Code. The rule does not allude to the issue raised here. Also, we do not regard the exemption designation as otherwise arising out of the layoff under § 110.205(3), Fla.Stat. (1979), granting the CSC jurisdiction to hear appeals arising out of any layoff. Otherwise, there is no statutory language suggesting that this allegedly unlawful action taken by DOC and DOA is shielded from review. Compare Nute v. Florida Department of Law Enforcement, 397 So.2d 1222 (Fla. 1st DCA 1981).

. This case may yet qualify for an informal hearing pursuant to § 120.57(2). We leave this decision up to the agency on remand. Graham Contracting, Inc. v. Dept. of General Services, 363 So.2d 810, 815 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979). DOC and DOA fear that allowing this review will hamper other management decisions as to reorganization. DOC’s designation is proper, absent subterfuge, if the position is a policy-making one, whether it has always been one or has been recently changed to one. All that we require is compliance with the terms of the statute.