436 So.2d 356 (1983)
Lee Ann BURGESS, Appellant,
v.
FLORIDA DEPARTMENT OF COMMERCE and department of Administration, Appellees.
No. AP-426.
District Court of Appeal of Florida, First District.
August 16, 1983.
Rehearing Denied September 12, 1983.
Edward S. Jaffry and Fred O. Dickinson, III, of Horne, Rhodes, Jaffry & Horne, Tallahassee, for appellant.
Don W. Davis, Gen. Counsel, and Mary Lou Rajchel, Asst. Gen. Counsel, Fla. Dept. of Commerce, Daniel C. Brown, Gen. Counsel, *357 Fla. Dept. of Admin., Tallahassee, for appellees.
ERVIN, Chief Judge.
In this appeal from a final order of the Department of Commerce (Department), appellant contends, first, that Section 110.205(2)(h), Florida Statutes (1979), constitutes an unlawful delegation of legislative authority, and, alternatively, that there is insufficient evidence to support the Department's finding that Burgess' position with the Department was one of "policy-making" and thus properly subject to exemption from the career service system. We disagree and affirm the Department's order.
The facts of this case are fully set out in our prior opinion of Burgess v. Department of Commerce, 400 So.2d 1258 (Fla. 1st DCA 1981) (Burgess I) and need not be extensively repeated. Suffice it to say that Burgess was employed by the Department as an Administrator of Tourism Development, a position she occupied in 1979 when the Department sought, pursuant to section 110.205(2)(h), to exempt that position from the career service system. Burgess objected and eventually sought a section 120.57(1) hearing before the Department. Contending that Burgess was not entitled to such a hearing, the Department denied her petition and Burgess appealed the denial to this court. After deciding that Burgess was entitled to a 120.57 hearing, we reversed the Department's order and remanded "for further proceedings addressing the sole issue of whether Burgess' position is lawfully exempted as a policy-making position." Burgess I, 400 So.2d at 1260.
After remand, a hearing was held at which testimony was taken from several witnesses called by both Burgess and the Department, and extensive documentary evidence was introduced. In her recommended order, the hearing officer concluded that Burgess' position was, in fact, a "policy-making" position eligible for exemption from career service. The Department, on October 26, 1982, entered a final order which, not surprisingly, adopted the findings and recommendations of the hearing officer. Burgess now appeals from that final order.
Burgess first urges that section 110.205(2)(h) is constitutionally infirm due to a lack of adequate standards and guidelines by which the Department of Administration (DOA) is to determine which positions may be classified as "policy-making." In particular, Burgess points to the legislature's failure to define "policy-making" for purposes of that statute. The Department counters that section 110.205(2)(h) sets forth sufficient guidelines and standards necessary to pass constitutional muster.[1] We agree with the Department and find that the statute does not violate the prohibition against improper delegation of legislative authority.
The applicable 1979 version of section 110.205 provides:
110.205 Career service; exemptions 
(1) CAREER POSITIONS.  The career service to which this part applies shall include all positions not specifically exempted by this part, any other provisions of the Florida Statutes to the contrary notwithstanding.
(2) EXEMPT POSITIONS.  The exempt positions which are not covered by this part include the following:

* * * * * *

*358 (h) A maximum of 10 policy-making positions, in addition to those specified in this subsection, in the offices of the Secretary of State, the Attorney General, the Comptroller, the Treasurer, the Commissioner of Education, and the Commissioner of Agriculture, as designated by such officer, and 10 such policy-making positions, in addition to these specified in this subsection, in each of the other departments, as designated by the head of each such department, plus any additional positions which are established for a limited period of time for the purpose of conducting a special study, project, or investigation. However, the employing agency shall advise the department in writing of each position to be exempted, and each such exemption shall be subject to the approval of the department as being policy-making or being established for a limited period of time. The department shall set the salary unless otherwise fixed by law.
(e.s.) The remaining portions of subsection (2) of section 110.205 set out in great detail numerous state positions which are exempt from the career service system. Paragraph (h), which Burgess challenges, allows the enumerated state officers and the heads of state departments to designate up to 10 exempt "policy-making positions" within each department. That authority is not, however, unbridled, and the designation of a position as one of policy-making is subject to review and approval by the DOA. It is Burgess' position that such statutory language does not sufficiently prevent the DOA from arbitrarily defining "policy-making", thus amounting to an unlawful delegation of legislative authority. We reject this argument. It has been long settled that the legislature may delegate authority to administrative agencies to administer the laws of this state. State, Department of Citrus v. Griffin, 239 So.2d 577, 580 (Fla. 1970). Such delegation is proper, "provided that in doing so [the legislature] announces adequate standards to guide the agency in the execution of the powers delegated." Dickinson v. State, 227 So.2d 36, 37 (Fla. 1969). As Dickinson observes, however, "[t]he exact meaning of the requirement of a standard has never been fixed. The exigencies of modern government have increasingly dictated the use of general rather than minutely detailed standards in regulating enactments under the police power." Id. Consequently, the Florida Supreme Court and this court have often recognized "that the specificity of standards and guidelines may depend upon the subject matter dealt with and the degree of difficulty involved in articulating finite standards." Askew v. Cross Key Waterways, 372 So.2d 913, 918 (Fla. 1978). See also Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976); State, Dept. of Citrus v. Griffin.
If there ever was a need in Florida for the legislature to provide minutely detailed standards and guidelines in its delegation of authority to administrative agencies, that need was eliminated with the enactment of the Florida Administrative Procedure Act in 1974. Subsequent decisions of this court have recognized that the legislative employment of phrases such as "policy-making position", the definition of which is then to be refined by the administering agency through the processes of adjudication and rulemaking, will not, by itself, render an otherwise constitutional statute infirm.
Such approximations of the threshold of legislative concern are meaningful in common parlance; they are a practical necessity in legislation regulating complex subjects; and, above all, they are now susceptible to refinement by policy statements adopted as rules under the 1974 Administrative Procedure Act, ... and as so refined are judicially ascertainable and enforceable.
Cross Key Waterways v. Askew, 351 So.2d 1062, 1069 (Fla. 1st DCA 1977), approved in Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978). Accordingly, we find the standards and guidelines embodied in section 110.205(2)(h) to be sufficient to meet Burgess' constitutional challenge on delgation grounds and reject her suggestion that the statute is unconstitutional.
*359 We also reject Burgess' argument that there was insufficient evidence to sustain the officer's conclusion that Burgess' position was in fact a policy-making position eligible for career service exemption. As we have repeatedly recognized, our review of final administrative orders accepting the recommended orders of hearing officers is limited by the following standards:
When in Section 120.57 proceedings to construe and apply a nonpenal regulatory statute an independent hearing officer and the agency agree on a dispositive finding, there is little cause for a district court of appeal to debate whether the matter in issue is more nearly adjudicative fact or statutory policy and whether the hearing officer's or the agency's findings must prevail. See McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). In such a case our task is only to assure that the affected party was protected by adherence to Chapter 120 processes, that the dispositive finding is supported by substantial competent evidence appropriate to the issue, and that the agency was not "clearly erroneous or unauthorized." Gay v. Canada Cry [sic] Bottling Co. of Florida, Inc., 59 So.2d 788, 790 (Fla. 1952), in interpreting the statute given in its charge to enforce.
Barker v. Board of Medical Examiners, 428 So.2d 720, 723 (Fla. 1st DCA 1983), citing ABC Liquors, Inc. v. Department of Business Regulation, 397 So.2d 696, 697 (Fla. 1st DCA 1981) (e.s.). The issue before us in Burgess I was, of course, whether Burgess was entitled to the protections afforded by Chapter 120. We found that she was entitled to such protection and remanded for purposes of a formal hearing pursuant to section 120.57. The subsequent hearing which was held thus assured that Burgess' interests would be protected by adherence to the procedures of Chapter 120. Having carefully reviewed the entire record in this case, it is equally clear that the findings and conclusion of the hearing officer, which were adopted by the Department, were supported by substantial competent evidence and that the Department's action was not clearly erroneous or unauthorized. Finding no error, the Department's order is accordingly
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] The Department additionally urges that Burgess is precluded from raising a constitutional challenge to section 110.205(2)(h) due to her failure to raise that issue in Burgess I. It is, however, generally recognized that where the grounds or reasons for the alleged unconstitutionality of a statute are "not presented and not considered or determined" by an appellate court initially reviewing a case, that issue may be then considered and determined by the same court in a subsequent appeal. Higbee v. Housing Authority of Jacksonville, 143 Fla. 560, 566, 197 So. 479, 482 (1940) (e.s.). See also 3 Fla. Jur.2d Appellate Review § 420 (1978). We therefore find no merit in the Department's argument that Burgess may not now raise the constitutionality of section 110.205(2)(h), because our prior opinion clearly indicates that issue was neither presented to this court nor considered or determined in Burgess I.