849 So.2d 434 (2003)
Robert REINSHUTTLE, Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
Barbara Watson, Appellant,
v.
Department of Children and Families, Appellee.
Lori Cooper, Appellant,
v.
Department of Children and Families, Appellee.
Judith Page Jolly, Appellant,
v.
Department of Children and Families, Appellee.
Earnest Barkley, Appellant,
v.
Department of Children and Families, Appellee.
Nos. 1D02-1505, 1D02-1751, 1D02-2375, 1D02-3504, 1D02-3511.
District Court of Appeal of Florida, First District.
July 14, 2003.
*435 Jerry G. Traynham and Ben R. Patterson of Patterson & Traynham, Tallahassee, Attorneys for Appellants.
Gregory J. Philo, Chief Appellate Counsel, and Garnett Chisenhall, Assistant General Counsel, Agency for Health Care Administration, Tallahassee, Attorneys for Appellee Agency for Health Care Administration.
MaryEllen McDonald, Assistant General Counsel, Department of Children & Families, Tallahassee, Attorney for Appellee Department of Children & Families.
PER CURIAM.
In these five consolidated appeals, Appellants occupied permanent Career Service positions with the State of Florida prior to July 1, 2001. As a result of Florida's "Service First" legislation, Appellants were reclassified from Career Service to Selected Exempt status under the authority of Florida Statute section 110.205(2) (2001). After working as Selected Exempt employees for various periods of time, Appellants were fired without cause. Appellants filed petitions for sections 120.57 and 120.569 administrative hearings, which their employing agencies denied. Appellants claim they were wrongfully denied a point of entry into the administrative process, and they are therefore now entitled to administrative hearings to determine whether their positions fell within the statutory exemptions to Career Service status. We agree that Appellants should have been provided a point of entry into the administrative process when their positions were reclassified as Selected Exempt. Because of this omission, we reverse and remand to allow for administrative proceedings to determine factually whether Appellants' positions at the time they were reclassified to Selected Exempt status met the Legislature's specific statutory criteria of Career Service exemptions pursuant to Florida Statute section 110.205(2) (2001). We have considered all of the other various issues raised by the parties and find that they are without merit. Burgess v. Department of Commerce, 400 So.2d 1258 (Fla. 1st DCA 1981).
REVERSED and REMANDED.
BOOTH, BARFIELD and ALLEN, JJ., CONCUR.