PER CURIAM.
Jonathan Klein appeals a final order of the Public Employees Relations Commission (PERC), which dismissed his Career Service appeal from the involuntary resig *1098 nation of his employment position with the Department of Education. PERC concluded it had no jurisdiction over the appeal. We affirm.
On August 12, 2003, Klein, following the Department’s reclassification of his position from Career Service to Selected Exempt Service, pursuant to the “Service First” legislation, section 110.205(2), Florida Statutes (2001), challenged such classification by filing a petition with the Department. The agency dismissed the petition without prejudice to his right to file an amended petition within 10 days of service of the dismissal in conformance with the provisions of Florida Administrative Code Rule 28-106.201(2). Klein failed to avail himself of that opportunity and, on March 5, 2004, was forced to resign, whereupon he filed an appeal with PERC.
In dismissing the appeal, PERC explained it was authorized by section 110.227(5)(a), Florida Statutes, to consider the appeals of only permanent Career Service employees. It concluded that because the Department of Education had afforded Klein a point of entry to challenge the administrative action, and he did not follow the procedure furnished, he must be deemed to have waived the right to request a hearing on the issue. We agree. See Patz v. Dep’t of Health, 864 So.2d 79, 81 (Fla. 3d DCA 2003). Appellant was clearly afforded the opportunity to seek remedies afforded him under chapter 120, Florida Statutes, see Reinshuttle v. Agency for Health Care Administration, 849 So.2d 434 (Fla. 1st DCA 2003), but failed to pursue them.
AFFIRMED.
ERVIN, PADOVANO and THOMAS, JJ., concur.