CHARLES M. EMERSON, *Plaintiff in Error,* v. W. D. COBB, SHERIFF OF HERNANDO COUNTY, FLORIDA, *Defendant in Error.*

Opinion Filed November 23, 1923.

1. When a motor vehicle license is obtained under the general law it is with notice of the provisions of the general law affecting the operation of motor vehicles upon the highways of the State, and also with notice of the provisions of any local or special law affecting the operation of such vehicles upon the highways of a particular county.

2. Chapter 8693, Acts of 1921, a local or special law, regulating the weight of vehicles that may be used on the public highways in Hernando County, operates as an exception to the provisions of Chapter 8410, Acts of 1921, a general law regulating the weight of vehicles that may be used on the public highways in the State.

A Writ of Error to the Circuit Court for Hernando County; W. S. Bullock, Judge.

Affirmed.

*Martin & Martin* and *H. M. Hampton,* for Plaintiff in Error;

*Fred L. Stringer,* for Defendant in Error.

WHITFIELD, J.—In *habeas corpus* proceedings the Circuit Judge remanded the petitioner who was being held in custody by the sheriff on a charge that he "did unlawfully use and operate over and upon the improved roads and highways of Hernando County, Florida, one certain motor driven vehicle, to-wit, a Republic Truck, carrying a load thereon at the time of the aforesaid use and operation thereof, the weight of which, combined with the weight of the aforesaid truck, exceeded five thousand pounds, contrary to the statute," etc. A writ of error was allowed and taken by petitioner.

Chapter 8410, Acts of 1921, a general law relating to the operation of motor vehicles, etc., provides for the registration of motor vehicles and for the issuing of licenses for the operation of motor vehicles upon the public highways of the State, the license fees being according to weight and passenger capacity of the vehicle, with a proviso "that no motor vehicle shall be operated on a public highway outside of any municipal corporation in this State carrying a load of more than sixteen thousand pounds, including the weight of such motor vehicle," and "Provided further that the County Commissioners of any county shall have the right to grant, in their discretion, permission to operate motor-driven vehicles, on roads designated by them, of the aggregate weight of truck and load, not exceeding sixteen thousand pounds."

Chapter 8693 of the Local and Special Laws of 1921, "relating to the traffic and prohibiting the use of certain

vehicles over or upon improved roads and highways in Hernando County, Florida," etc., provides:

"Sec. 4. It shall be unlawful for any person or persons, firms or corporation to use or operate or cause to be used or operated any motor driven vehicle or any motor-driven vehicle, including trailer attached, carrying a load, the weight of which combined with the weight of the motor-driven vehicle or the combined weight of the motor-driven vehicle, including the trailer attached, that exceeds five thousand pounds (5,000) in weight over or upon any of the improved roads and highways of Hernando County, Florida."

"Sec. 9. Authority is hereby given the Board of County Commissioners of Hernando County, Florida, the right to issue a single permit to any person or persons, firms or corporations for one continuous passage of any vehicle over or upon the improved roads and highways of Hernando County, Florida, that is prohibited by the terms of this Act, provided that said person or persons, firms or corporations shall first enter into a good and sufficient bond to reimburse the county for any damage caused as the result of such permission having been granted."

The general Act, Chapter 8410, Acts of 1921, became a law upon its approval by the Governor June 10, 1921, but by its terms it did not take effect until January 1, 1922. The local or special act, Chapter 8693, became a law and took effect prior to January 1, 1922.

The two statutes were enacted at the same session of the legislature and each may operate without destroying the other. The general license law provides that no motor vehicle which with its load weighs more than 16,000 pounds shall be operated on the public roads outside of municipalities and that the county commissioners of any county may grant permission to operate motor vehicles on

roads designated by them, the aggregate weight of truck and load not exceeding 16,000 pounds. And the Local or Special Act, Chapter 8693, supplies an exception to the general law, in that no vehicle operated upon the improved roads and highways in Hernando County, shall with its load exceed in weight 5,000 pounds, with a special provision as to one continuous passage of vehicles over the improved roads and highways in Hernando County where the vehicle and load exceed 5,000 pounds.

When a license is obtained under the general law it is with notice of the provisions of the general law affecting the operation of motor vehicles upon the highways of the State, and also with notice of the provisions of any local or special law affecting the operation of such vehicles upon the highways of a particular county.

The right of the State to regulate the use upon any of the public highways, of vehicles that because of weight or structure may injure the highways is not restrained by any provision of the Constitution upon the theory of inconvenience or disappointment.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.