CITY OF ST. PETERSBURG, A MUNICIPAL CORPORATION, ARTHUR VONNEGUT, DOING BUSINESS AS SUNSHINE LAUNDRY, C. S. ALTMAN AND A. A. RUSSELL, CO-PARTNERS DOING BUSINESS AS ALTMAN & RUSSELL, AND J. R. WHITE, *Appellants,* v. PINELLAS COUNTY POWER COMPANY, A CORPORATION, *Appellee.*

Opinion Filed April 2, 1924.

This case was decided by Division B.

1. Repeals by implication are disfavored, and in order to declare that one statute repeals another by implication, it must appear that there is positive repugnancy between the two, or that the latter was clearly intended to prescribe the only rule which should govern the case to which it is applicable, or that it revises the subject-matter of the former.

2. The legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. The rule of construction in such cases is that if the courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, with

out destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so.

3. The power granted to and possessed by the city of St. Petersburg under the general law to provide lights for the city and its inhabitants, was not enlarged by the special charter act of the city (Chap. 6772, Acts of 1913), but only changed, as to the medium conferring the power or as to its source, from a general to a special grant, the special charter act operating in legal effect simply to preserve an existing status.

4. The provisions of the special charter act of the city of St. Petersburg (Chap. 6772, Acts of 1913) with respect to its power to provide lights for the city and its inhabitants, granted to the city no larger measure of power than it possessed in this respect under the general law. And there is no such inconsistency between this statute and the provisions of Chapter 4600, Acts of 1897 (Secs. 1925-1939, Rev. Gen. Stats.) as to require a holding that the special charter act withdrew the city of St. Petersburg from the operative sphere of the provisions of Chapter 4600.

5. The special charter act of the city of St. Petersburg (Chap. 6772, Acts of 1913) did not abrogate, as to that city, the provisions of Chapter 4600, Acts of 1897 (Secs. 1925-1939, Rev. Gen. Stat.) nor withdraw the city from the operative sphere of this statute.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Affirmed.

*Mabry, Reeves & Carlton, F. J. Mack* and *Wm. G. King,* for Appellants;

*Cook & Harris* and *Knight, Thompson & Turner,* for Appellee.

WEST, J.—The object of this suit is a temporary restraining order and a permanent injunction against the city of St. Petersburg from selling electric current to private parties, persons, firms or corporations within or without the limits of the city, for any purpose, and from using electric current generated by its municipal plant which would constitute a violation of rights of complainant, as evidenced by its franchise from the city of St. Petersburg or as given to complainant by the constitution and laws of the United States or the constitution and laws of the State of Florida.

There was a temporary restraining order. A motion to dissolve the injunction was made and denied. An answer was filed, after which the motion to dissolve was renewed and again denied.

In the brief of counsel for appellants it is stated that the answer admits practically all the statements of fact contained in the bill, but denies the legal conclusion drawn from such facts.

The question is whether the city of St. Petersburg may construct and operate a plant for the purpose of generating electric current for general use by the city and its inhabitants without first having complied with the provisions of Chapter 4600, Acts of 1897 (Secs. 1925-1939, Rev. Stat.). In State v. Pinellas County Power Company, opinion filed on March 17, 1924, it was decided that the defendant, Pinellas County Power Company, has a valid franchise from the city to do so, and is operating a plant within the city in generating and distributing electric power for lighting purposes.

The pertinent provisions of Section 9, Chapter 4600 (Sec. 1933, Rev. Gen. Stat.), are as follows: "When any city or town shall decide as hereinbefore provided, to establish a plant, and any person, firm or corporation shall

at the time of the vote required for such decision be engaged in the business of making, generating or distributing gas or electricity for sale for lighting purposes in such city or town, such city or town shall, if such person, firm or corporation shall elect to sell and shall comply with the provisions of this chapter, purchase of such person, firm or corporation before establishing a public plant, such portion of his, their or its gas or electric plant, and property suitable and used for such business in connection therewith, as lies within the limits of such city or town.''

The contention of the city of St. Petersburg is that having been granted by section 2, sub-division (d) of its charter act, Chapter 6772, Acts of 1913, ''power within and without its territorial limits to construct, condemn, purchase, acquire, lease or to maintain, conduct and operate * * * light plants * * * power plants * * * and to make a contract of whatever nature in connection therewith,'' and by section 24 power ''to provide for the establishment of waterworks, electric and other lighting plants, and all other plants necessary for the city,'' it is removed from the operative sphere of the provisions of Chapter 4600 and is authorized, without complying with its requirements, to construct, maintain and operate a plant for the purpose generally of generating and distributing electric power for its own purposes and for sale and general distribution.

It was held in State v. Pinellas County Power Co., supra, that the city of St. Petersburg, prior to the adoption of the special charter act referred to, had the power to grant to the power company the franchise under which it is operating. The special charter act, therefore, in this respect granted to the city no more power than it possessed before this enactment.

It is admitted of course that Chapter 4600 is a part of the general law of the State. Whether the application

of the provisions of this statute to the city of St. Petersburg was superseded by the special charter act, as contended by appellants, is the question to be determined. It is familiar law that repeals by implication are disfavored, and in order to declare that one statute repeals another by implication, it must appear that there is positive repugnancy between the two, or that the latter was clearly intended to prescribe the only rule which should govern the case to which it is applicable, or that it revises the subject-matter of the former.  Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802; State v. County of Gadsden, 63 Fla. 620, 58 South. Rep. 232; F. E. C. Ry. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272, 99 Am. St. Rep. 114. And "the legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so.  An interpretation leading to such result should not be adopted unless it be inevitable.  The rule of construction in such cases is that if the courts can by fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so."  State v. Johnson, 71 Fla. 363, 72 South. Rep. 477; Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

Furthermore, the legislature of this State is mandatorily required to "establish a uniform system of county and municipal government," which uniform system "shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith."  Sec. 24, Art. III, Const. of Fla.

That a reasonable field for the operation of the special

charter act and Chapter 4600 may be found and that the two statutes may co-exist and harmonize with consistent policy, seem to us to be the natural conclusion from an application of the foregoing rules of statutory construction. It is true, as pointed out by counsel for appellants, that the special charter act expressly repealed all laws in conflict with its provisions. But if the power of the city in this respect was not enlarged, but only changed as to the medium conferring the power or as to its source, from a general to a special grant, the special charter act operated simply to preserve an existing status. And if the city's power in this respect under the general law existed consistently with the provisions of Chapter 4600, the special charter act, which did not change the measure of such power, would not necessarily, in the absence of an express provision to that effect, remove or withdraw the city from the operative sphere of the provisions of Chapter 4600, nor, unless there is inconsistency or conflict, would it be abrogated by the repealing clause of the special charter act. Legislative construction and policy are indicated by charter acts, subsequent to Chapter 4600, wherein it is expressly enacted that the provisions of this chapter should not apply. Chap. 4875, Laws of 1899; Chap. 5859, Laws of 1907.

The contention that the application of the provisions of Chapter 4600 was superseded by the special charter act of the city of St. Petersburg is not sustained. The point decided is that the provisions of Chapter 4600 are, under existing charter powers, applicable to the city of St. Petersburg.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J. concur.

VOL. 87, JANUARY TERM, 1924. 321

City of St. P'burg et al. v. Pinellas Co. Power Co.—Petition for Rehearing.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

On Petition for Rehearing.

PER CURIAM.—Chapter 4600, Acts of 1897, a general law (re-enacted as Sections 1925-1939, Revised General Statutes, 1920), and Chapter 6772, Acts of 1913, a local or special law, both relate to "municipal government" within the meaning of Section 24, Article III of the Constitution of Florida.

In Section 8, Article VIII, the Constitution merely declares that "the legislature shall have *power* to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time;" but Section 24, Article III, is a *command* that "the legislature *shall estab-lish* a uniform system of  *  municipal government, which *shall be applicable,* except in cases where local or special laws are provided by the legislature that may be *inconsistent* therewith." The object of these organic provisions is *to require general laws* to be enacted for the government of municipalities, *"which shall be applicable"* to all municipalities "except in cases where local or special laws" that are enacted in the discretion of the legislature "may be inconsistent" with the general law. See Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802; *Ex Parte* Davidson, 76 Fla. 272, 79 South. Rep. 727; State *ex rel.* D'Alemberte, 79 Fla. 835, 85 South. Rep. 333.

Under Section 24, Article III, general laws relating to municipal government are mandatorily made applicable to all municipalities in the State, except when inconsistent with local or special-laws on the subject exists; and under

the same section of the State Constitution, the provisions
of a local or special law relating to municipal government,
that are inconsistent with the provisions of a general law
on the same subject, and a repealing clause contained in
the subsequent special law, do not repeal the provisions of
the general law, but merely operate to except the particular
municipality referred to in the special law from the oper-
ation of inconsistent provisions of the general law.    Stew-
art v. DeLand-Lake Helen Special Road & Bridge Dist.
in Volusia County, 71 Fla. 158, 71 South. Rep. 42; State
*ex rel.* Luning v. Johnson, 71 Fla. 363, 72 South. Rep. 477.
In order to except a particular municipality from the
operation of any general law relating to municipal govern-
ment, it is necessary that an "inconsistent" local or
special law be enacted covering the subject.    See Chapter
4875 Acts of 1899.    See Hardee v. Brown, 56 Fla. 377,
47 South. Rep. 834; *Ex Parte* Perry, 71 Fla. 250, 71
South. Rep. 174; Emerson v. Cobb, 86 Fla. 487, 98 South.
Rep. 357; Canova v. Williams, 41 Fla. 509, 27 South. Rep.
30; State *ex rel.* Worley v. Lewis, 55 Fla. 570, 46 South.
Rep. 630.

The provisions of a special law relating to municipal
government are "inconsistent" with the provisions of a
general law on the same subject so as to make the former
"applicable" in a particular case to the exclusion of the
latter, in obedience to the mandate of Section 24, Article
III of the Constitution, only when and to the extent that
the provisions of the Acts respectively are so repugnant
to each other that both cannot operate together, or when
the special act discloses a legislative intent that the general
law shall not be "applicable" in the premises.

The general law, in Section 1925 Revised General Stat-
utes, 1920, empowers any municipality, under the limi-
tations contained in the law, to "construct, purchase,

lease or establish and maintain within its limits one or more plants for the manufacture or distribution of gas or electricity for furnishing light for municipal use, and for the use of such of its inhabitants as may require and pay for the same as herein provided." The local or special law, Chapter 6772, Acts of 1913, confers upon the City of St. Petersburg power "to construct, condemn, purchase, acquire, lease or to maintain, conduct and operate * light plants * power plants, for the use of said city and its inhabitants, and to make a contract of whatever nature in connection therewith," and also confers upon a city board authority "to provide for the establishment of water works, electric and other lighting plants, and all other plants necessary for the city." Secs. 2 and 24 Chap. 6772 Acts of 1913. The Special Act expressly provides that: "the city shall also have all the powers and functions which by or pursuant of the constitution, or of the laws of this State, have been or could be granted or exercised by this city." Sec. 2, Par. f. Chap. 6772.

If there is in reality no inconsistency in the quoted grants of power, then the conditions prescribed in the general law should be complied with in exercising the granted power. The Special Act expressly secures to the city "all the powers and functions" that "have been or could be granted or exercised by this city." The grant of power to "any city or town" contained in the general law is coupled with conditions as to the manner of exercising the power, and no conditions are attached to the power contained in the special charter act; but the mere omission of any and all conditions from the special law does not make the special act "inconsistent" with the general law within the meaning of the constitution, Section 24, Art. III, in the absence of something in the special law showing an intent that the conditions to the exercise

of the power contained in the general law shall be excluded from operation in the particular city as was done in Chapter 4875, Acts of 1899, and in other local laws upon the subject. In the absence of an "inconsistent" special law the constitution commands that the general law "shall be applicable." In this case the general law, considered in the light of Section 24, Art. III of the Constitution, shows an express intent that it shall apply to all municipalities, that are not under Section 24, Art. III excepted from its operation by inconsistent local or special laws; and the special charter act here involved does not contain any material provisions that are clearly inconsistent with the provisions of the general law. Nor does the special law otherwise expressly or by fair intendment manifest an intent to except the city from the operation of the general law, in so far as the latter imposes conditions upon the exercise of the stated granted power; which granted power is in effect but repeated in the special law. The change made by Chap. 6772 from an aldermanic to a commission form of government for the city of St. Petersburg does not render it impracticable to substantially comply with the general law, Chap. 4600, and such change and its prescribed details show no legislative intent to exclude the operation of Chap. 4600, but on the contrary the special charter act reserves to the city all "powers and functions" that can be exercised by the city pursuant "to the laws of this State."

There appears to be no real inconsistency between the provisions of the general law, Section 1925 Revised General Statutes, 1920, granting powers to all municipalities to acquire and operate electric light plants, and the provisions of the special law, Chapter 6772, granting similar powers to the city of St. Petersburg. The general law confers in *more specific terms* a power that is also granted

by the special law; but the authority of the city of St. Petersburg in the premises may be considered as being in substance and not in excess of "the authority conferred in Section 1925", Revised General Statutes, whether the authority be regarded as conferred by the general law or by the special law, or by both. The manner of the exercise of the power conferred, that is contained in the general law, is as consistent with the grant of power in the special law as with that conferred by the general law; and the requirements of the general law as to the exercise of the granted power are not negatived by any or all of the varied provisions of the special law in their application to the single city. The repealing clause in Section 115 of Chapter 6772, does not *repeal* any provisions of the general law; nor does it prevent the full operation of the provision of the special act reserving to the city all the "functions" that can be "exercised by the city" under "the laws of this State." Sec. 2, Chap. 6772 Acts of 1913.

The appellee seeks to enjoin the city from selling electric current to its inhabitants, not from using it for public municipal purposes. The city has established and is maintaining an electric plant for use of its public utilities. If the city is not authorized to sell electric current because it has not complied with the general law which alone specifically confers upon the city the power to furnish lights "for the use of such of its inhabitants as may require and pay for the same," and the appellee is authorized to sell electric current to consumers in the city, the appellee may invoke appropriate remedy for the protection of its rights against an *unlawful* competitor even though the appellee has no exclusive right in the premises.

Rehearing denied.

All concur.