HARRIS, Judge.
Patricia O’Brien was a deputy court clerk in the Ninth Judicial Circuit (Orlando) when she was terminated. The Clerk of Court *291 represented that the firing was because O’Brien “reported and was paid for more hours than she actually worked on repeated occasions.” Ms. O’Brien, on the other hand, claimed her firing was motivated by her union activities and filed an unfair labor charge with the Public Employees Relations Commission. When the Commission affirmed the summary dismissal of her claim, she brought this appeal. We affirm but certify the issue of whether a deputy court clerk is in fact a “public employee” in contemplation of Article 1, Section 6 of the Florida Constitution and section 447.203(3), Florida Statutes.
The starting point of our analysis is, of course, Murphy v. Mack, 358 So.2d 822 (Fla.1978). In Murphy, the supreme court denied deputy sheriffs the status of public employees even though the sheriff was held to be a public employer. This was because sheriffs, by statute, appoint rather than employ their deputies and the deputies have the same power as the sheriffs, who are legally responsible for such deputies’ neglect or default. Similarly, the Clerk of Court is authorized, by statute, to appoint, as opposed to employ, deputy clerks who have the powers of the Clerk and for whom the Clerk is liable. If the “appointed,” as opposed to “employed,” language in the statute relative to obtaining the services of deputies and the fact that they have the power to act for the sheriff and subject the sheriff to liability for their misdeeds or maldeeds were the sole bases for the decision in Murphy, then clearly our task is at an end. Indeed, Federation of Public Employees v. Public Employees Relations Commission, 478 So.2d 117 (Fla. 4th DCA 1985), so interpreted the Murphy decision and held that deputy court clerks are not public employees.
Our concern is that the supreme court in Murphy seemed to emphasize the law enforcement aspect of the deputies’ powers and duties and the common law treatment of the position of sheriff and deputy. Such simply cannot be said of the office of Clerk of Court and those subordinates of the Clerk.
We are also hesitant to compare deputy court clerks with deputy sheriffs because deputy sheriffs act constantly “on behalf of the sheriff’ in their enforcement of the law. Such deputies are called upon to exercise independent discretion and judgment in ear-'* rying out their duties, duties that often involve life or death situations. On the other hand, deputy court clerks do not tote a gun or carry a badge; they take notes and file evidence. Their work is generally routine and involves very little discretion. Just observing them at work it would be difficult to distinguish between a deputy court clerk and a secretary. This is not to diminish the importance of the work performed by the deputy clerks of court, it is merely to'point out that they look surprisingly like other public employees.
We recognize the logical extension of Murphy (from deputy sheriff to deputy clerk) made by the Federation court based on its interpretation of the Murphy holding. For this reason, we affirm. We respectfully suggest, however, that because of the material differences between the duties and common law traditions of deputy sheriffs and deputy court clerks and because some of the considerations which influenced the Murphy court do not apply to deputy court clerks, the supreme court might wish to consider the following question as one of great public importance:
ARE DEPUTY COURT CLERKS, UNLIKE DEPUTY SHERIFFS, PUBLIC EMPLOYEES WITHIN THE CONTEMPLATION OF SECTION 447.203(3), FLORIDA STATUTES?
We recognize the Commission’s position that the claim, in any event, did not meet the requirements of its rules, but believe that if O’Brien qualifies as a public employee, she should be permitted to file an amended claim.
AFFIRMED, but QUESTION CERTIFIED.
DAUKSCH and W. SHARP, JJ., concur.