752 So.2d 569 (2000)
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 16, AFL-CIO, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, et al., Respondent.
No. SC94427.
Supreme Court of Florida.
January 13, 2000.
Joseph Egan, Jr., Kathryn S. Piscitelli, Egan, Lev & Siwica, P.A., Orlando, Florida, for petitioner.
Stephen A. Meek, General Counsel, Christi Gray Sundberg, Staff Attorney, Public Employees Relations Commission, Tallahassee, Florida, Allen J. McKenna, Aaron L. Zandy of Garwood, McKenna, McKenna & Wolf, P.A., Orlando, Florida, for respondents.
Lorence Jon Bielby, Greenberg Traurig, P.A., Tallahassee, Florida, for Florida Association of Court Clerks, Inc., amicus curiae.
Thomas W. Brooks, Meyer and Brooks, P.A., Tallahassee, Florida, for Federation *570 of Physicians and Dentists/Alliance of Healthcare and Professional Employees, amicus curiae.
PER CURIAM.
We have for review Service Employees International Union v. Public Employees Relations Commission, 720 So.2d 290 (Fla. 5th DCA 1998), wherein the district court certified the following question:
Are deputy court clerks, unlike deputy sheriffs, public employees within the contemplation of section 447.203(3), Florida Statutes?
Service Employees, 270 So.2d at 291 (capitals omitted). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the affirmative as explained below and quash Service Employees.
On April 1, 1997, the Clerk of the Circuit Court in Orange County ("Clerk") fired Patricia O'Brien from her job as Court Specialist V or Clerk V.[1] O'Brien contested the firing, pointing out that she had worked for the Clerk for years and had accumulated a good work record. She claimed that she had been fired because she had recently met with a union official, had signed a card supporting the union, and had talked favorably about the union in the lunch room with fellow employees. The Clerk, on the other hand, asserted that she fired O'Brien not because O'Brien was organizing a union but because she had falsified time records.
The union, Service Employees International Union ("Union"), filed on O'Brien's behalf an unfair labor charge with the Public Employees Relations Commission ("PERC") pursuant to part II of chapter 447, Florida Statutes (1997), which protects a public employee's right to engage in collective bargaining activities. The general counsel of PERC summarily dismissed the charge, concluding that under existing case law deputy court clerks are not considered "public employees" within the purview of chapter 447. The Union appealed and PERC affirmed, adopting the analysis of its general counsel. On appeal to the district court, the court recognized this Court's decision in Murphy v. Mack, 358 So.2d 822 (Fla.1978) (holding that deputy sheriffs are not "public employees" under chapter 447), but questioned the wisdom of extending Murphy to deputy court clerks:
We are also hesitant to compare deputy court clerks with deputy sheriffs because deputy sheriffs act constantly "on behalf of the sheriff in their enforcement of the law. Such deputies are called upon to exercise independent discretion and judgment in carrying out their duties, duties that often involve life or death situations. On the other hand, deputy court clerks do not tote a gun or carry a badge; they take notes and file evidence. Their work is generally routine and involves very little discretion. Just observing them at work it would be difficult to distinguish between a deputy court clerk and a secretary. This is not to diminish the importance of the work performed by the deputy clerks of court, it is merely to point out that they look surprisingly like other public employees.
Service Employees, 720 So.2d at 291. The court nevertheless felt compelled to affirm.
The Clerk argues as follows: A court clerk is an elected constitutional officer who has the authority to exercise a share of the power of the sovereign; a clerk has the statutory authority to "appoint" (not "employ") deputies to whom the clerk may delegate a share of the sovereign power; under existing case law, deputy sheriffs are not considered "public employees" for chapter 447 purposes: therefore, deputy clerks also should not be considered public employees. The Clerk relies on Murphy v. Mack, 358 So.2d 822 (Fla.1978), to support her position. This argument misses the mark for several reasons.
Article I, section 6, Florida Constitution, guarantees the right of Florida workers *571 both public and privateto collectively bargain:
SECTION 6. Right or work.The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.
Art. I, § 6, Fla. Const. The Legislature in 1974 enacted the Public Employees Relations Act ("Act") to implement this right for public employees.[2] The Act is codified in chapter 447, part II, Florida Statutes (1997).
In determining the scope of coverage under the Act, legislative intent is the polestar that guides our inquiry.[3] The legislative statement of policy is broad:
447.201 Statement of policy.It is declared that the public policy of the state, and the purpose of this part, is to provide statutory implementation of s. 6, Art. I of the State Constitution, with respect to public employees; to promote harmonious and cooperative relationships between government and its employees, both collectively and individually; and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government. It is the intent of the Legislature that nothing herein shall be construed either to encourage or discourage organization of public employees. These policies are best effectuated by:
(1) Granting to public employees the right of organization and representation;
(2) Requiring the state, local governments, and other political subdivisions to negotiate with bargaining agents duly certified to represent public employees;
(3) Creating a Public Employees Relations Commission to assist in resolving disputes between public employees and public employers; and
(4) Recognizing the constitutional prohibition against strikes by public employees and providing remedies for violations of such prohibition.
§ 447.201, Fla.Stat. (1997).
The Act established PERC and set forth a procedural framework governing collective bargaining practices for public employees. Section 447.203 defines the term "public employee" broadly as "any person employed by a public employer." The section then sets forth an exhaustive list of exceptions.[4] Nowhere in this list of *572 exceptions is the term "deputy" mentioned. The gist of section 447 .203 is simple. There are two basic categories of persons who work for the public: (1) employees in the ordinary sense of the word, and (2) managerial level employees (as well as various other specialized workers). Employees in the ordinary sense of the word are considered "public employees" under the Act and their right to collectively bargain is protected. Managerial level employees, on the other hand, are not considered "public employees" and their right to collectively bargain is not protected by the Act.
A "deputy" in days of yore was an appointed official who could stand in the place of the principal for most purposes. A deputy functioned as the alter ego, so to speak, or second in command to the principal:
In Comyns' Digest, title, Officer, (D.3,) it is said a deputy has power to do every act which his principal might do, ** but that a deputy cannot make a deputy, as this imports an assignment of all his authority, which is not assignable. In Bacon's Abridgement, Officer, (L,) it is laid down that offices of inheritance for years, and those which require only a superintendency and no particular skill may regularly be exercised by deputy. A Sheriff, says the same authority, though he is an officer made by the King's letters patent, and though it be not said that he may execute his office per se vel sufficientum deputatum suum yet he may make a deputy, which is the under sheriff, against whom action may be brought by the parties grieved. ** A judicial officer cannot, it is said, make a deputy unless he hath a clause in this patent to enable him; because his judgment is relied on in matters relating to his office which might be the reason of the making of the grant to him; neither can a ministerial officer depute one in his stead if the office be to be performed by him in person; but when nothing is required but a superintendency in the office he may make a deputy. Ibid. From the same authority we learn that a coroner could appoint a deputy to do ministerial acts, but not those of a judicial character. Bouvier says that in general, ministerial officers can appoint deputies unless the office is to be exercised *573 by the ministerial officer in person; and where the office partakes of a judicial and ministerial character, although a deputy may be made for the performance of ministerial acts, one cannot be made for the performance of judicial acts; a Sheriff cannot, therefore, make a deputy to hold an inquisition, under a writ of inquiry, though he may appoint a deputy to serve a writ. In general, a deputy has power to do every act which his principal might do, but he cannot make a deputy. Bouvier's Law Dictionary, title, Deputy.
Willingham v. State, 21 Fla. 761, 776-77 (1886). Thus, "deputies" of old were generally managerial level employeesto use the lexicon of chapter 447who could take charge in the principal's absence.
Times have changed and the public officials who once required one or two deputies to assist them in their tasks now might require a host of assistants. Further, the range of tasks performed by these workers has expanded and the tasks themselves have become specialized. For instance, a clerk of court today might employ a score or more skilled workers as bookkeepers, archivists, filing clerks, typists, and receptionists. In deference to tradition, such employees are often still called "deputies," but their positions bear little resemblance to the deputies of old. As noted by the district court below, the deputies of today often "look surprisingly like other public employees." Service Employees, 720 So.2d at 291. Various public officials are currently authorized under Florida Statutes to appoint deputiese.g., sheriffs,[5] clerks of court,[6] property appraisers,[7] and tax collectors.[8]
The Court in Murphy v. Mack, 358 So.2d 822 (Fla.1978), confronted the issue of whether a deputy sheriff is a "public employee" under chapter 447, and the Court ruled in the negative. The Court reasoned that deputy sheriffs hold their position by "appointment" rather than "employment" and that courts have traditionally viewed deputy sheriffs as public "officers" rather than "employees." The Court in Murphy appears to have exalted form over substance in contravention of the plain language and broad purpose of the Act. The fact that deputy sheriffs are said to be "appointed" rather than "employed" is of little import under chapter 447the definition of "public employee" in section 447.203(3) draws no such distinction.[9] As for the cases that the Court relied on in Murphy, none involved the same facts or policy concerns that were in issue in Murphy. Further, the fact (asserted by the Clerk) that the legislature has not revisited chapter 447 in the wake of Murphy is not sufficient reason to extend that holding to deputy court clerks in contravention of the plain language and broad purpose of part II.
Based on the foregoing, we hold that where the collective bargaining rights of public employees are in issue, the plain language of chapter 447 controls and applies across the board to all public workers, regardless of job title. The abiding bright line for determining coverage under part II is the simple "public employee/managerial employee" dichotomy set forth in section 447.203. If an individual works as an employee in the ordinary sense of the word under the criteria set forth in section 447.203(3), he or she is entitled to the protections of part II. On the other hand, if an individual works as a managerial level employee under the criteria set forth in section 447.203(4) or falls *574 within any of the other exceptions listed in section 447.203(3), the protections of part II are inapplicable.
In the present case, O'Brien worked for the Clerk for twenty-four years and her job title on termination was either Court Specialist V or Clerk V. The present record does not disclose the nature of her duties. Accordingly, we return this case to PERC to determine whether O'Brien worked as an employee in the ordinary sense of the word under section 447.203(3) or as a managerial level employee.
We cannot fault PERC or the district court for following our holding in Murphy, but we decline to extend that holding to deputy court clerks or other public employees. We quash Service Employees and remand for proceedings consistent with this opinion.[10]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] The record is unclear as to O'Brien's exact job title.
[2] See Ch. 74-100, Laws of Fla.
[3] See, e.g., Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla. 1997).
[4] Section 447.203 provides in relevant part:

447.203 Definitions.As used in this part:
. . . .
(3) "Public employee" means any person employed by a public employer except:
(a) Those persons appointed by the Governor or elected by the people, agency heads, and members of boards and commissions.
(b) Those persons holding positions by appointment or employment in the organized militia.
(c) Those individuals acting as negotiating representatives for employer authorities.
(d) Those persons who are designated by the commission as managerial or confidential employees pursuant to criteria contained herein.
(e) Those persons holding positions of employment with the Florida Legislature.
(f) Those persons who have been convicted of a crime and are inmates confined to institutions within the state.
. . . .
(h) Those persons employed by the Public Employees Relations Commission.
(i) Those persons enrolled as graduate students in the State University System who are employed as graduate assistants ....
(j) Those persons who by virtue of their positions of employment are regulated by the Florida Supreme Court pursuant to s. 15, Art. V of the State Constitution [i.e., attorneys].
(4) "Managerial employees" are those employees who:
(a) Perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment in the performance of such jobs and to whom one or more of the following applies.
1. They formulate or assist in formulating policies which are applicable to bargaining unit employees.
2. They may reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations.
3. They have a role in the administration of agreements resulting from collective bargaining negotiations.
4. They have a significant role in personnel administration.
5. They have a significant role in employee relations.
6. They are included in the definition of administrative personnel ....
7. They have a significant role in the preparation or administration of budgets
. . . .
(b) Serve as police chiefs, fire chiefs, or directors of public safety of any police, fire, or public safety department. Other police officers ... and firefighters ... may be determined by the commission to be managerial employees of such departments. ...
(5) "Confidential employees" are persons who act in a confidential capacity to assist or aid managerial employees....
. . . .
(13) "Professional employee" means:
(a) Any employee engaged in work in any two or more of the following categories:
1. Work predominantly intellectual and varied in character as opposed to routine mental, manual, mechanical, or physical work;
2. Work involving the consistent exercise of discretion and judgment in its performance;
3. Work of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; and
4. Work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction....
§ 447.203, Fla.Stat. (1997) (emphasis added).
[5] See § 30.07, Fla.Stat. (1997).
[6] See § 28.06, Fla.Stat. (1997).
[7] See § 193.024, Fla.Stat. (1997).
[8] See § 197.103, Fla.Stat. (1997).
[9] The distinction is further discredited by the fact that the two terms (i.e., "appointed," and "employed") have the same practical effect in this context. A deputy sheriff appears to work for the sheriff in the same manner that a municipal police officer works for his or her chief.
[10] We disapprove Federation of Public Employees v. Public Employees Relations Comm'n, 478 So.2d 117 (Fla. 4th DCA 1985).