DAVIS, J.
Appellant, Patricia Fuller, appeals a final order of the Department of Education (Department), which dismissed her petition challenging the reclassification of her position with the Department from that of Career Service to Selected Exempt Service (SES), which in turn resulted in her termination from employment. Appellant presents two issues for review: (1) whether the Public Employee Relations Commission (PERC) has exclusive jurisdiction to make the determination of whether her position is managerial, confidential, or supervisory; and (2) whether the Department violated section 120.57(l)(i), Florida Statutes (2003), by modifying the findings of the administrative law judge (ALJ). On cross-appeal, the Department seeks a determination of whether the ALJ erred as a matter of law in not finding that appellant’s collective bargaining unit waived its right to challenge the reclassification by not complying with the procedure afforded in the collective bargaining agreement. We hold that PERC does not have exclusive jurisdiction over the classification of state employee positions. We nonetheless reverse because the Department modified the ALJ’s findings in violation of section 120.57(1)(Z). We affirm as to the issue raised on cross-appeal without discussion.
Effective July 1, 2001, appellant was reclassified from Career Service to SES pursuant to section 110.205(2)(x), Florida Statutes (2001). On January 7, 2003, after the reclassification of her position, the Department terminated her employment. Appellant filed a petition for a section 120.57 hearing, requesting a determination as to whether her position was properly reclassified from Career Service to SES. The ALJ found that her position had been improperly reclassified and recommended her reinstatement as a Career Service employee. Thereafter, the Department rejected the ALJ’s finding, which finding was supported by competent and substantial evidence (CSE), and instead determined that appellant’s position met the definition of a managerial employee. The Department then dismissed appellant’s petition.
On appeal, Appellant contends that the Department erred in reclassifying her position because PERC has exclusive jurisdiction to classify a state employee position as managerial. We disagree. Appellant disregards the provisions of section 110.2035, Florida Statutes (2001), wherein the legislature directed the Department of Management Services (DMS) to restructure the state’s personnel system. Section 110.2035, which was enacted during the same legislative session as section 110.205(2)(x), mandates DMS to create a position classification system for Career Service and SES positions. Most significantly, the classification system is to “be structured such that each confidential, managerial, and supervisory employee shall be included in the Selected Exempt Service.” § 110.2035(4), Fla. Stat. After DMS established the required classification system, the state agencies became responsible for the application of the system, and had the authority to reclassify *30 established agency positions within the classes established by DMS. § 110.207(2)(b), Fla. Stat. (2001).[1] Because the legislature has expressly directed DMS to reclassify positions in accordance with the parameters set forth in sections 110.2035 and 110.205(2)(x) and charged state agencies with applying the classification system, we must reject appellant’s argument that PERC has exclusive jurisdiction to determine the classification of state employees.[2] Had the legislature intended otherwise, it would have set forth the reclassification provisions within the chapter over which PERC has authority, chapter 447, Florida Statutes.
Though the Department did not encroach upon PERC’s jurisdiction, reversal is required because the Department violated section 120.57(1)(Z), Florida Statutes, by modifying the ALJ’s findings. The parties presented much evidence describing the duties and responsibilities of appellant’s position, and the ALJ set forth detailed findings in a 33-page recommended order, ultimately determining that appellant’s position was improperly classified to SES because the position is neither managerial, confidential, nor supervisory. The Department rejected the ALJ’s finding that her position is not managerial and made a contrary finding. Based upon its substituted finding, the Department dismissed appellant’s petition, determining that she had been properly reclassified to SES. The Department reversibly erred in modifying the ALJ’s factual findings because the findings are supported by CSE and the adversarial hearing before the ALJ complied with the dictates of Reinshuttle v. Agency for Health Care Admin., 849 So.2d 434 (Fla. 1st DCA 2003). See § 120.67(1)(Z), Fla. Stat.
Accordingly, we reverse the Department’s order and remand with instructions that the Department adopt the ALJ’s recommended order.
REVERSED and REMANDED.
LEWIS, J., concurs; ERVIN, J., concurs and dissents with opinion.

. We note that section 110.207 was repealed effective June 30, 2002. Ch. 01-43, § 16, Laws of Florida. The section was in effect, however, when the Department reclassified appellant's position.

. We do not hold that chapter 110 eliminates or repeals PERC’s authority to classify state employees for collective bargaining unit purposes pursuant to chapter 447, Florida Statutes.