ERVIN, J.,
concurring and dissenting.
I concur with the result reached by the majority. Although the majority does not expressly so state, it implicitly concludes that the Public Employees Relations Commission (PERC) retains no jurisdiction whatsoever, following the passage of the Service First Initiative, in the classification process of an employee it had previously classified as non-managerial and placed in a collective bargaining unit. Because I consider the majority’s interpretation of that legislation to be inconsistent with the legislative intent, I respectfully dissent. If the majority is correct, the only recourse available to an employee who is substantially affected by the reclassification of his or her position as a result, as here, of a termination notice is to challenge the employer’s classification decision by presenting evidence during a section 120.57 proceeding before either an administrative law judge or the Department of Education (DOE), disclosing that the employee’s duties have not changed since the date of PERC’s original classification. While I agree with the majority that the employee is required to present such evidence, the majority and I part company as to the *31 quality or type of evidence necessary to satisfy that burden.
Although the employee is clearly entitled to a 120.57 proceeding, as this court recognized in Reinshuttle v. Agency for Health Care Administration, 849 So.2d 434 (Fla. 1st DCA 2003), I am of the opinion that PERC continues to share a role in the decision-making process. In my judgment, the only evidence necessary to resolve the question of an employee's current classification status is whether PERC, since the time it initially classified the position as non-managerial and placed it within a collective bargaining unit, has reclassified the position as managerial and removed it from the unit. If it has not, as the evidence in the case at bar discloses, I consider that the employee’s prior classification as a protected Career Service employee remains unaffected, and no other evidence is relevant to such determination, because, in my opinion, once PERC has made its classification decision, the employing agency thereafter lacks the statutory authority to unilaterally reclassify the position otherwise. My conclusion, I submit, is evident from an in pari materia construction of pertinent provisions of both the Service First legislation and the Public Employees Relations Act (PERA).
The Service First plan directs the Department of Management Services (DMS) to “establish and maintain a uniform classification plan applicable to all positions in the career service and [to be] responsible for the overall coordination, review, and maintenance of the plan.” § 110.207(1), Fla. Stat. (2001). “The employing agency [is also] responsible for the day-to-day application of classification rules promulgated by the department.” § 110.207(2). “Employing agency” is defined as “any agency authorized to employ personnel to carry out the responsibilities of the agency under the provisions of chapter 20 or other statutory authority.” § 110.203(25), Fla. Stat. (2001).. It is obvious that appellee, DOE, is the employing agency in the present case.
In implementing the broad classifications of employment designated by DMS, DOE is given the responsibility of reclassifying established positions under its control. § 110.209(2)(b), Fla Stat. (2001). If our analysis were solely restricted to an examination of the legislative changes enacted by Service First, I would have no difficulty in accepting the majority’s implicit conclusion that PERC no longer retains any authority in the reclassification process. I cannot, however, ignore pertinent provisions in PERA that strongly suggest the contrary; provisions that remain unimpaired following the passage of Service First, and particularly so in that section 110.205(2)(x), Florida Statutes (2001), by excluding managerial employees from participation in Career Service, specifically refers to “managerial employees, as defined in s. 447.203(4).”
PERA, chapter 447, Part II, Florida Statutes, was designed to implement the constitutional right of public employees to engage in collective bargaining, as expressed in article I, section 6 of the Florida Constitution, and to promote harmonious and cooperative relationships between government and public employees. § 447.201, Fla. Stat. (2001). Pursuant to section 447.207(6), Florida Statutes (2001), PERC has been delegated the power to “determine or approve units appropriate for purposes of collective bargaining.” It is also empowered to designate employees as “managerial” in the course of defining appropriate collective bargaining units. Employees so designated are not included within the definition of public employees under the provisions of section 447.203(3)(d), Florida Statutes (2001), and are excluded from participating as public *32 employees in collective bargaining. When making a factual determination of whether an employee’s duties are managerial, PERC is explicitly directed to make such designation pursuant to the criteria established in section 447.203(4), defining managerial employees, and cross-referenced by section 110.205(2)(x).
The supreme court pointed out the distinction between the two categories of employment in Service Employees International Union, Local 16, AFL-CIO v. Public Employees Relations Commission, 752 So.2d 569, 572 (Fla.2000), as follows:
There are two basic categories of persons who work for the public: (1) employees in the ordinary sense of the word, and (2) managerial level employees (as well as various other specialized workers). Employees in the ordinary sense of the word are considered “public employees” under the Act and their right to collectively bargain is protected. Managerial level employees, on the other hand, are not considered “public employees” and their right to collectively bargain is not protected by the Act.
See also Coastal Fla. Police Benevolent Ass’n v. Williams, 838 So.2d 543, 547 (Fla.2003).
It is obvious that important property rights are conferred by one’s designation as a permanent Career Service employee. Among other things, such employees may be suspended or discharged only for cause, section 110.227, Florida Statutes (2001), and a statute that forbids dismissal only on such basis “creates a constitutionally protected interest in public employment.” Johnson v. Beary, 665 So.2d 334, 335 (Fla. 5th DCA 1995).
Following enactment of Service First, PERC’s powers to designate employees for the purpose of “determining] or approving] units appropriate for ... collective bargaining,” section 447.207(6), have remained intact, and I find nothing in the provisions of either PERA or Service First reasonably implying that an employing agency, once PERC has classified an employment position as non-managerial and placed it in a bargaining unit, may act as the sole decision-maker in reclassifying an established position. Because there is no express delegation of authority to DOE to unilaterally reclassify, the majority’s opinion can rest only on the conclusion that Service First has impliedly repealed the authority of PERC to classify. It is well recognized, however, that a repeal of a statute by implication is disfavored unless it is the only reasonable construction. See City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510 (1924). Moreover, our “obligation is to adopt an interpretation that harmonizes two related, if conflicting, statutes while giving effect to both, since the legislature is presumed to pass subsequent enactments with full awareness of all prior enactments and an intent that they remain in force.” Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250 (Fla.1987). Under such circumstances,
[t]he rule of construction ... is that if the courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so.
City of St. Petersburg, 100 So. at 510.
Applying the above rules to the statutes before us requires that we presume the legislature enacted Service First with full *33 awareness of the authority it had previously delegated to PERC; therefore, I similarly assume, because of the language employed in the pertinent provisions of both acts, that the legislature did not intend to repeal in toto the powers of classification it previously conferred to PERC. In order to give both PERA and Service First a reasonable field of operation, I fully agree with the majority that the legislature has given DMS clear-cut authority to create and develop a classification employment system whereby all confidential, managerial and supervisory employees are placed within Selected Exempt Service, section 110.2035(1) and (4), Florida Statutes (2001), while the employing agency is empowered to classify particular positions pursuant to the legislative classifications and to reclassify established positions. § 110.207(2)(b). I am unable to conclude, however, that DOE is authorized to exercise its right to reclassify unilaterally. By reason of the powers PERC retained under PERA, PERC must be considered to share a role with the employing agency in the reclassification process. In order to ascertain the proper exercise of its role, I consider it important to examine how, before the enactment of Service First, PERC determined whether a change in an employee’s work responsibilities merited continued inclusion of that position within the bargaining unit.
Under such circumstances, a party to a collective bargaining agreement that desired to modify an employee’s classification because of a perceived change in the employee’s duties had the right to seek approval from. PERC for a reclassification of the position through the process- of a unit-clarification proceeding. PERC has described this procedure as follows in a case in which the public employer unilaterally attempted to remove eight employees from a certified bargaining unit by designating them managerial employees:
Where the job duties of an employee previously included in a bargaining unit have changed since certification of that bargaining unit to the extent that such employee is no longer a public employee, the proper procedure for the removal of the employee from the certified bargaining unit and from the statutory protections of Chapter 447, Part II, is a unit clarification proceeding.... This procedure guarantees a neutral examination of the facts on which the employer relies, and an opportunity for the affected employee to be heard before his constitutional right to join in the bargaining process is eliminated. School Board of Marion County v. PERC, 330 So.2d 770 (Fla. 1st DCA 1976). Otherwise, no employee could ever be certain of his or her status because an employer could summarily and without a hearing designate that person no longer a public employee and strip him or her of the protections afforded public employees by Section 447.301.
Hialeah Int’l Ass’n of Firefighters, Local 1102 v. City of Hialeah, 9 F.P.E.R. 14364, at 753 (1983).
Because of the conflicting provisions of PERA and Service First, I conclude that the legislature, aware of PERC’s preexisting authority to reclassify established positions after a change has occurred, must have presumed that an employing agency could avail itself of the unit clarification process by seeking PERC’s approval of any requested reclassification. In my judgment, once the employee presented evidence disclosing that no such approval had occurred, the employee’s burden was satisfied, and no additional evidence was necessary to resolve the issue of her employment classification.
*34 I therefore concur in the result reached by the majority, but dissent as to the reasons given.