OSTERHAUS, J.
The Alachua County School Board (School Board) challenges a final order of the Department of Financial Services (DFS) imposing a $200 workers’ compensation-related administrative penalty. The School Board argues, among other things, that DFS lacked jurisdiction to impose the penalty without first referring its case to a judge of compensation claims (JCC) pursuant to section 440.021 of the Florida Statutes. We disagree and affirm the final order.
I.
The parties stipulated to the facts in the administrative proceeding below. In short, DFS audited the School Board’s workers’ compensation claims-handling practices for a multiyear period and found 177 “late payments.” DFS issued a final audit report and assessed penalties totaling $15,300, which the School Board paid. But the School Board reserved the ability to challenge two of the late payments relating to a teacher (hereafter referred to as S.L) who had received temporary total disability (TTD) benefits related to a knee surgery. The two disputed late payments accounted for just $200 of the total penalty paid by the School Board ($100 per infraction).
The School Board filed a petition requesting Administrative Procedure Act-based review in accordance with § 440.525(3). Its petition conceded that “[DFS] has jurisdiction over the parties and subject matter of this Petition.” The discovery process fleshed out the facts which were stipulated to by the parties. Together they moved for and received an order relinquishing jurisdiction back to DFS. A department hearing officer conducted an informal hearing addressing both the School Board’s jurisdictional argument and DFS’s late-payment determination. And later, DFS entered a final order rejecting the School Board’s arguments and ordered it to pay the $200 penalty forthwith. DFS noticed the School Board’s right to appeal to this court per § 120.68, which it did in a timely fashion.
II.
A.
We affirm the final order without additional comment with respect to the two *482 late TTD benefit payments identified in DFS’s audit report. The harder issue in this case is jurisdictional, involving the parties’ competing views of whether the statutory scheme permits DFS to impose penalties without a referral to the JCC.
As a threshold matter, neither party disputes DFS’s basic authority under chapter 440 to audit and impose penalties on carriers and claims-handling entities that do not comply with Florida’s workers’ compensation laws. Section 440.20(8)(b), is clear, for instance, that DFS:
shall monitor, audit, and investigate the performance of carriers. The office shall require that all compensation benefits are timely paid in accordance with this section. The office shall impose penalties for late payments of compensation that are below a minimum 95 percent timely payment performance standard.
See also § 440.525, Fla. Stat. (allowing audits of claims handling entities).
The parties disagree, however, on the applicable process when penalties are disputed. According to the School Board, DFS lacked jurisdiction to issue the Final Order in this case because § 440.021 requires matters involving disputed penalties to be referred to the JCC.[1] DFS counters that its audits do not consist of adjudications of employee benefits claims as would fall under the jurisdiction of a JCC. But, rather, § 440.525(2) authorizes DFS to audit claims-handling entities like the School Board, and impose penalties where chapter 440’s requirements are not met. DFS argues that it followed the correct § 440.525(3)-based process here by serving a written audit report of the violations and providing the School Board with APA-based review.[2]
B.
We review statutory interpretation issues de novo and interpret unambiguous statutes according to their plain and obvious meaning. See, e.g., Murray v. Mariner Health, 994 So.2d 1051, 1056-57 (Fla.2008). When faced with two different, but applicable statutes, “courts must favor a construction that gives effect to both statutes rather than construe one statute as being meaningless or repealed by implica *483 tion.” Butler v. State, 838 So.2d 554, 555-56 (Fla.2003) (citations omitted). “ ‘The rule of construction ... is that if the courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so.’” Fuller v. Dep’t of Educ., 927 So.2d 28, 32 (Fla. 1st DCA 2006) (quoting City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510 (1924)).[3]
In this case, we conclude that the two applicable statutes can be read together to make available both a DFS audit report-focused review process as contemplated in § 440.525(3) (an APA-based process) and a § 440.021 review process before the JCC for resolving narrower disputes involving only the amount of the penalty or interest assessment, given the ultimate results of the audit report or the APA-based review of same. Parsing the statutes, the Legislature in § 440.525, subsection 3, allows for an APA-based review of “the results of [DFS’s] examination or investigation.” The process described in subsection 3 certainly encompasses challenges to the findings in an audit report, whereas this subsection wholly omits any reference to penalties per se, or avenues by which a carrier or claims handling entity can challenge penalty amounts ultimately assessed by DFS.
Conversely, § 440.525, subsection Jp, and § 440.021, when read together, provide for a different review process related to penalty assessments. See n. 1, 2 supra. When an audited entity challenges the penalty assessment itself — the amount of the penalty — referral is required to a JCC. Different from the audit report merits phase prescribed by § 440.525(3) (an APA-based process), penalty phase review before a JCC narrowly concerns the issue of whether DFS’s “penalty or interest” assessment calculation comports with legal requirements. See §§ 440.525(4), 440.021, Fla. Stat.
C.
Applied to this case, the School Board has received the APA-based review called for by the statutes insofar as, besides its jurisdictional argument, it challenged only the underlying merits of DFS’s findings. The School Board asked for and received review of DFS’s late-payment determination under chapter 120 in accordance with § 440.525(3). And DFS later issued a final appealable order to the School Board with notice of its right to appeal, which has occurred here. The School Board has never specifically challenged the penalty assessment per se — the $200 penalty calculated by DFS. Rather the School Board stipulated that it “does not dispute the calculation of the total penalty amount assuming that the Department is determined to have subject matter jurisdiction over the issues presented and has accurately identified the alleged late payments to S.L.”
Because this matter involves no objection to the means by which the penalty amount was calculated or the appropriate *484 ness of such penalty in light of the violations found to exist through the APA-based review, referral to the JCC was not required. (Whereas if the $200 penalty assessment was itself disputed, arguably miscalculated, etc., then referral to the JCC would have been called for pursuant to § 440.021.)
III.
For the foregoing reasons, we conclude that DFS had subject matter jurisdiction to enter the final order. The final order is
AFFIRMED.
CLARK and MAKAR, JJ., concur.

. Section 440.021 states in relevant part:
In all instances in which the department institutes action to collect a penalty or interest which may be due pursuant to this chapter, the penalty or interest shall be assessed without hearing, and the party against which such penalty or interest is assessed shall be given written notice of such assessment and shall have the right to protest within 20 days of such notice. Upon receipt of a timely notice of protest and after such investigation as may be necessary, the department shall, if it agrees with such protest, notify the protesting party that the assessment has been revoked. If the department does not agree with the protest, it shall refer the matter to the judge of compensation claims for determination pursuant to s. 440.25(2)-(5). Such action of the department is exempt from the provisions of chapter 120.
(Emphasis added).

. Section 440.525 states, in relevant part:
(3) ... The results of an examination or investigation [by DFS] shall be provided to the carrier, third-party administrator, servicing agent, or other claims-handling entity in a written report setting forth the basis for any violations that are asserted. Such report is agency action for purposes of chapter 120, and the aggrieved party may request a proceeding under s. 120.57 with regard to the findings and conclusion of the report.
(4) If [DFS] finds that violations of this chapter have occurred, [it] may impose an administrative penalty upon the offending entity or entities. For each offending entity, such penalties shall not exceed .... [DFS] shall adopt penalty guidelines by rule to set penalties under this chapter.
(Emphasis added)

. This Court views it as an "obligation" to adopt an interpretation that "harmonizes two related, if conflicting, statutes while giving effect to both." Fuller, 927 So.2d at 32. And where one statute is passed sooner in time, "the legislature is presumed to pass subsequent enactments with full awareness of all prior enactments and an intent that they remain in force.” Id. (citing Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250 (Fla.1987)).